**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Frank v. Ohio State Univ.*, Slip Opinion No. 2020-Ohio-3422.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-3422

THE STATE EX REL. FRANK *v.* THE OHIO STATE UNIVERSITY.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Frank v. Ohio State Univ.*, Slip Opinion No. 2020-Ohio-3422.]**

*Mandamus—Public-records law—When requested records are sensitive in nature and subject to limitations on disclosure under federal law, it makes sense for certain institutions to refer the person who is making the public-records request to an office that will have the proper expertise for how to lawfully disclose the requested records and how to apply the relevant state and federal regulations—Writ denied.*

(No. 2019-0515—Submitted April 7, 2020—Decided June 25, 2020.)

IN MANDAMUS.

_____

**Per Curiam.**

**{¶ 1}** Relator, Andrew Frank, brings this original action in mandamus to compel the Ohio State University ("OSU") to provide the documents that his

attorney had requested in a public-records request. For the reasons set forth herein, we deny the writ of mandamus. Also pending is Frank's motion to strike portions of OSU's evidence, which we deny. However, we sua sponte order Kelly Smith's affidavit, Robert Moormann's affidavit, and OSU's exhibits L, M, and N to be placed under seal.

## I. Background

{¶ 2} On February 22, 2019, attorney Kevin L. Murphy submitted a public-records request to OSU for certain records concerning Frank. Specifically, Murphy requested:

> (1) any correspondence with the Clermont County Prosecutor's office relating to Andrew Frank; (2) any correspondence with Scott O'Reilly relating to Andrew Frank; (3) any documents provided to the University by the Clermont County Prosecutor's office relating to Andrew Frank; and (4) any documents provided to the University by Scott O'Reilly relating to Andrew Frank.

In a footnote, Murphy defined correspondence to mean "any disclosure, transfer, or exchange of thoughts, opinion, or information of any nature, and by any method." And in a second footnote, Murphy defined document to mean "any writing, photograph, image, and/or recording, whether in electronic form or hard copy." Murphy did not indicate that he was submitting the public-records request on Frank's behalf.

{¶ 3} Murphy e-mailed the letter to PulicRecords@osu.edu, which is OSU's official e-mail address for public-records requests. Scott Hainer, OSU's public-records program coordinator, e-mailed Murphy acknowledging Murphy's public-records request and asking for some clarification regarding the scope of the request. The public-records request was also given an identification number.

Murphy responded to Hainer's e-mail that same day and provided some additional details.

{¶ 4} On March 19, 2019, Hainer e-mailed Murphy letting him know that his public-records request was denied on the ground that the requested records were exempt from disclosure under R.C. 149.43(A)(1)(v), which exempts "[r]ecords the release of which is prohibited by state or federal law." Hainer cited the Family Education Rights and Privacy Act, 20 U.S.C. 1232g (34 C.F.R. 99) ("FERPA"),[1] as the prohibitive federal law and advised Murphy to contact the Office of Student Life Student Conduct "[t]o the extent [that he was] seeking student disciplinary records."

{¶ 5} The next day, Murphy responded and informed Hainer that the requested records were not exempt from disclosure under FERPA because Frank "provided the University with a FERPA release." On April 8, OSU's director of public records responded, indicating that "the records [Murphy was] seeking to obtain continue to be subject to the requirements of FERPA despite [his] submission of a waiver to [OSU]." The public-records director also advised Murphy to contact OSU's Office of Student Life Student Conduct for records relating to student-disciplinary proceedings.

{¶ 6} On April 10, 2019, Frank filed a complaint for a writ of mandamus in this court.[2] On September 25, 2019, we issued an alternative writ and ordered the filing of briefs and submission of evidence pursuant to S.Ct.Prac.R. 12.05. 157 Ohio St.3d 1413, 2019-Ohio-3797, 131 N.E.3d 940. Both parties filed merits briefs

---

1. Hainer also cited R.C. 2907.322, which, among other things, prohibits the dissemination of sexually oriented material involving a minor, as the prohibitive state law. Frank later clarified that he was not seeking any documents containing child pornography, so the applicability of R.C. 2907.322 is not at issue in this case.

2. Frank's complaint sought relief in connection with two public-records requests sent by Murphy—the request that was made on February 22, 2019, and a second request that was made on March 12, 2019. But due to "events that have transpired since the filing of" the complaint, Frank indicates in his merit brief that he now seeks relief concerning only the February 22 request.

and submitted evidence. OSU's evidence consisted of two affidavits and 14 exhibits. Frank filed a motion to strike both affidavits and two of the exhibits. OSU opposes Frank's motion.

## II. Legal Analysis

### A. The merits of Frank's public-records request

{¶ 7} To be entitled to a writ of mandamus, a party must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Cleveland Right to Life v. Ohio Controlling Bd.*, 138 Ohio St.3d 57, 2013-Ohio-5632, 3 N.E.3d 185, ¶ 2. "Mandamus is [an] appropriate remedy to compel compliance with the Ohio Public Records Act, R.C. 149.43, and a relator need not demonstrate the absence of an adequate remedy in the ordinary course of the law." *State ex rel. Cincinnati Enquirer v. Pike Cty. Gen. Health Dist.*, 154 Ohio St.3d 297, 2018-Ohio-3721, 114 N.E.3d 152, ¶ 12; *see also State ex rel. Caster v. Columbus*, 151 Ohio St.3d 425, 2016-Ohio-8394, 89 N.E.3d 598, ¶ 15-16; R.C. 149.43(C)(1)(b). Ohio's Public Records Act " ' "is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public information." ' " *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6, quoting *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, ¶ 7, quoting *State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374, 376, 662 N.E.2d 334 (1996).

{¶ 8} A "public record" does *not* include "[r]ecords the release of which is prohibited by state or federal law." R.C. 149.43(A)(1)(v). FERPA provides that "[n]o funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of releasing, or providing access to, any personally identifiable information in education records."

20 U.S.C. 1232g(b)(2). FERPA "unambiguously conditions the grant of federal education funds on the educational institutions' obligation to respect the privacy of students and their parents." *United States v. Miami Univ.*, 294 F.3d 797, 809 (6th Cir.2002). Therefore, when FERPA applies to a record, it constitutes a prohibition on the release of the record under R.C. 149.43(A)(1)(v). *State ex rel. ESPN, Inc. v. Ohio State Univ.*, 132 Ohio St.3d 212, 2012-Ohio-2690, 970 N.E.2d 939, ¶ 25.

{¶ 9} There is no dispute that the records in question are student records containing "personally identifiable information."[3] The parties therefore frame the issue in this case as one involving the applicability of FERPA to the requested records. But there is another issue presented in this case—whether OSU actually denied Frank's public-records request.

{¶ 10} FERPA permits the release of personally identifiable information with the consent of the student or his parents. 20 U.S.C. 1232g(b)(2)(A); 34 C.F.R. 99.30(a). The written consent must (1) specify the records to be disclosed, (2) state the purpose of the disclosure, and (3) identify the parties or class of parties to whom the disclosure may be made. 34 C.F.R. 99.30(b). Frank contends that he is entitled to the requested records because he executed a valid FERPA waiver. But that waiver was not attached to Murphy's original public-records request, dated February 22, 2019. From OSU's perspective, Murphy's February 22 public-records request was a request from a third party for a student's records, which were exempt from disclosure pursuant to R.C. 149.43(A)(1)(v) and FERPA. Moreover, Murphy did not identify himself as Frank's agent nor did he provide OSU with a written consent form in the February 22 public-records request. Therefore, to the

---

3. "Personally identifiable information" includes, but is not limited to, "the student's name, a family member's name, the address of the student or family member, personal identifiers such as the student's social security number or student number, and personal characteristics or other information that would make the student's identity easily traceable." *Miami Univ.*, 294 F.3d at 806, fn. 9, citing 34 C.F.R. 99.3.

extent that OSU's first response (dated March 19, 2019) constituted a denial of the February 22 public-records request, that denial was well founded.

{¶ 11} As for OSU's second response, dated April 8, 2019, we need not decide whether Frank executed a valid consent form or even whether the records in question are subject to R.C. 149.43 at all, because OSU did not *deny* the request. Rather, OSU advised Murphy:

> [T]o the extent you are seeking student disciplinary records, please contact the Office of Student Life Student Conduct. Pursuant to FERPA, Student Conduct allows for inspection and review of records related to disciplinary proceedings by involved students, and as appropriate, their advisors. They can explain the process for inspection and review of records related to student disciplinary proceedings as well as documentation that may be necessary to allow for inspection and review.

R.C. 149.43 does not require institutions like OSU to provide records through a specific public-records office. But when, as here, the requested records are sensitive in nature and subject to limitations on disclosure under federal law, it makes sense for OSU to refer Murphy to an office that will have the proper expertise for how to lawfully disclose the requested records and how to apply the relevant state and federal regulations. Accordingly, in OSU's April 8 response to Murphy, OSU did not deny the public-records request (and we offer no opinion whether OSU legitimately *could have* denied the request), it merely referred Murphy to a different office. And there is no evidence in the record to suggest that either Frank or Murphy followed up on this opportunity.

{¶ 12} We conclude that OSU responded promptly and fully to Murphy's request and that Frank is not entitled to a writ of mandamus. It follows that Frank

is also not entitled to an award of statutory damages, attorney fees, or court costs under R.C. 149.43(B) or (C).

*B. Frank's motion to strike*

{¶ 13} Although Frank abandoned any claims relating to a separate public-records request that he had made on March 12, 2019, OSU still addressed that request in its merit brief and submitted evidence to support its arguments for rejecting it. On October 2, 2019, Frank filed a motion to strike portions of OSU's evidence, specifically Kelly Smith's affidavit, Robert Moormann's affidavit, and exhibits L and N. OSU opposes the motion. Frank claims that these documents should be stricken because they include student information protected by FERPA. Even if that were so, striking the documents is the wrong relief because that simply means that this court will not consider them when deciding the case. The documents remain a part of this case's docket and thus available for the public to see. The proper remedy is to place the documents under seal. Erring on the side of caution, but without expressing a view as to whether filing these documents violated FERPA, we order that Smith's affidavit, Moormann's affidavit, and exhibits L and N be placed under seal. We also sua sponte order that OSU's exhibit M be placed under seal.

### III.  Conclusion

{¶ 14} For the reasons stated, we deny the writ of mandamus and order that Smith's affidavit, Moormann's affidavit, and exhibits L, M, and N be placed under seal.

Writ denied.

O'CONNOR, C.J., and FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only.

————————————

Murphy Landen Jones, P.L.L.C., and Kevin L. Murphy, for relator.

Dave Yost, Attorney General, Kristine L. Hayes, Senior Assistant Attorney General, and Stephanie M. Swiger, Assistant Attorney General, for respondent.

_____