[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. McDougald v. Greene*, Slip Opinion No. 2020-Ohio-5100.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-5100

THE STATE EX REL. MCDOUGALD *v.* GREENE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. McDougald v. Greene*, Slip Opinion No. 2020-Ohio-5100.]

*Mandamus—Public records—A public office has no duty to provide a nonexistent record—Claim that records custodian satisfied statutory obligation by seeking clarification of public-records request is a defense on the merits, not an assertion of mootness—Confusion regarding records requested was not reasonable—Sending a public-records request through a prison's kite system does not qualify a requester for statutory damages—Writ granted in part and denied in part—Statutory damages denied.*

(No. 2019-1183—Submitted August 18, 2020—Decided November 3, 2020.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} Relator, Jerone McDougald, seeks a writ of mandamus to compel respondent, Larry Greene, to provide documents in response to McDougald's public-records request. Also pending is McDougald's unopposed motion to consider the exhibits attached to his complaint as substantive evidence, and McDougald's two motions for leave to amend. For the reasons set forth herein, we grant McDougald's motion to consider his evidence. We grant the writ of mandamus in part and deny it in part. Finally, we deny McDougald's request for an award of statutory damages, and we deny as moot his request for an award of court costs and his two motions for leave to amend.

## I. BACKGROUND

{¶ 2} In January 2019, McDougald, who was then an inmate at the Southern Ohio Correctional Facility ("SOCF"),[1] sent a public-records request to Greene, the records custodian at SOCF. McDougald wrote:

> I would like to make a public records request pursuant to R.C. 149.43 for the following three DRC records that's a part of the DRC record retention schedule/administrative/executive records section.
>
> I want to inspect the following records
> > (1)    DRC record 2693
> > (2)    DRC record 2611
> > (3)    DRC record 4181.

---

1. McDougald is now incarcerated at the Toledo Correctional Institution.

{¶ 3} According to Greene, "DRC 2611 and DRC 4181 are stock forms used when processing and documenting use of force incidents within the institution." Specifically, "DRC 2611 is the Supervisor's Use of Force Summary Report, and DRC 4181 is the Deputy Warden of Operation's [R]eview of the Use of Force." Greene asserts that there is no form known as DRC 2693.

{¶ 4} Greene sent the following written response to McDougald:

> I am unable to identify a DRC 2693; it does not exist.
>
> As far as DRC 2611 and 4181 you have not been specific in your request to allow me to properly retrieve those two records for you.
>
> The Record Retention Schedule is not kept or maintained by any office at SOCF. If you are asking for the record I think you want please contact the author or office responsible [for] maintaining that record as Operations Support Center.

{¶ 5} On August 23, 2019, McDougald filed the present complaint for a writ of mandamus. We issued an alternative writ and set a briefing schedule. 157 Ohio St.3d 1481, 2019-Ohio-4474, 134 N.E.3d 197.

## II. LEGAL ANALYSIS

### A. *The motion to consider exhibits as evidence*

{¶ 6} In this motion, McDougald asks us to consider as substantive evidence the documents attached as exhibits to his complaint. These exhibits include at least one document of significance that is not otherwise in the record, namely, Greene's written response to McDougald's public-records request. Greene has not opposed this motion or otherwise challenged the authenticity, relevance, or admissibility of the documents. We therefore grant the motion.

*B. The merits of the public-records case*

{¶ 7} R.C. 149.43(B)(1) requires a public office to promptly make copies of public records available to any person upon request. A "public record" is a record "kept by any public office." R.C. 149.43(A)(1). Mandamus is an appropriate action by which to compel compliance with the Public Records Act, R.C. 149.43. *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6.

{¶ 8} To be entitled to the writ, McDougald must demonstrate that he has a clear legal right to the requested relief and that Greene has a clear legal duty to provide that relief. *State ex rel. Cincinnati Enquirer v. Sage*, 142 Ohio St.3d 392, 2015-Ohio-974, 31 N.E.3d 616, ¶ 10. McDougald must prove his right to relief by clear and convincing evidence. *Id.* However, the Public Records Act "is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records." *State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374, 376, 662 N.E.2d 334 (1996).

### 1. DRC 2693

{¶ 9} McDougald asserts that DRC 2693 is a use-of-force-report form, but he has submitted no evidence to substantiate that assertion. And the evidence that *is* in the record establishes that there is no form known as DRC 2693. In his affidavit, Greene attests that "after an exhaustive search, I determined that DRC 2693 does not exist."

{¶ 10} A public office is under no duty to create new documents to satisfy a public-records request. *Norris v. Budgake*, 89 Ohio St.3d 208, 209, 729 N.E.2d 758 (2000). It necessarily follows that when a requester seeks a nonexistent record, a public office has no duty to provide it. Therefore, McDougald is not entitled to a writ of mandamus with respect to his request for DRC 2693.

**2. DRC 2611 and DRC 4181**

{¶ 11} Greene concedes that forms DRC 2611 and DRC 4181 exist, and he has not asserted that any statutory exemption would prevent him from turning them over to McDougald. Instead, Greene asserts that he complied with his legal obligation under the Public Records Act by asking McDougald to clarify his request, and McDougald never did so. Therefore, he argues, McDougald's mandamus claim is moot.

{¶ 12} As a preliminary matter, Greene's reliance on the doctrine of mootness is misplaced. A public-records mandamus claim generally becomes moot when the public office provides the requested documents. *See State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 22. Greene's claim—that he satisfied his statutory obligation when he sought clarification of Greene's request—is a defense on the merits, not an assertion of mootness.

{¶ 13} A person requesting public records must identify the records sought with reasonable clarity. *State ex rel. Glasgow v. Jones*, 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 17. And R.C. 149.43(B)(2) provides:

> If a requester makes an ambiguous * * * request * * * such that the public office or the person responsible for the requested public record cannot reasonably identify what public records are being requested, the public office or the person responsible for the requested public record may deny the request but shall provide the requester with an opportunity to revise the request by informing the requester of the manner in which [the] records are maintained * * * and accessed * * *.

But a request is not presumptively ambiguous merely because the public officer says that it is. *See State ex rel. Carr v. London Corr. Inst.*, 144 Ohio St.3d 211,

2015-Ohio-2363, 41 N.E.3d 1203, ¶ 23 (rejecting argument that a request was ambiguous because it did not identify the precise date on which the requested memo was sent).

{¶ 14} In his affidavit, submitted as evidence in this mandamus action, Greene asserts that he

> informed [McDougald] that to provide him with the requested documents, more information was required. Specifically, information required to locate the specific use of force incident to which he was seeking information.

But nothing in McDougald's request suggests that he was asking for anything more than the blank forms. He did not mention any specific incidents or any specific dates.

{¶ 15} R.C. 149.43(B)(2) authorizes the rejection of a public-records request as ambiguous only when the office cannot "reasonably" identify the records sought. Greene's confusion regarding whether McDougald was seeking reports for specific dates was not reasonable. And if Greene's demand for clarification was not reasonable, then there is no authority for the proposition that McDougald must nevertheless try to satisfy that demand before he may file suit. Accordingly, we grant a writ of mandamus ordering Greene to provide forms DRC 2611 and DRC 4181 to McDougald.

*C. The February 3 motion for leave to amend*

{¶ 16} On February 3, 2020, McDougald filed a motion for leave to amend his merit brief. He made that request in order "to change the wording in his brief to better articulate and describe the records he requested to inspect." According to McDougald, he wished "to change the wording from blank forms to stock forms of use of force reports."

{¶ 17} As discussed above, McDougald's request (for "blank" or "stock" forms; the two terms appear interchangeable in this context) is already clear. McDougald's merit brief requires no clarification on this point. We therefore deny as moot the February 3 motion for leave to amend.

### D. The request for an award of court costs

{¶ 18} McDougald has requested an award of court costs. As a general rule, when a relator prevails on a public-records mandamus claim, an award of court costs is mandatory. R.C. 149.43(C)(3)(a)(i). However, in this case, McDougald filed an affidavit of indigence, which waives his obligation to pay costs. We therefore deny as moot his request for an award of court costs.

### E. Statutory damages and the February 5 motion for leave to amend

{¶ 19} A person requesting public records "shall" be entitled to recover an award of statutory damages "if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with division (B) of this section." R.C. 149.43(C)(2). However, McDougald qualifies for statutory damages only if he proves that he delivered his request "by hand delivery, electronic submission, or certified mail." *Id*.

{¶ 20} McDougald has not submitted clear evidence to prove the manner of service, but it appears that he delivered his requests through the prison kite system. Sending a public-record request through the prison kite system does not qualify a requester for statutory damages. *State ex rel. McDougald v. Greene*, ___ Ohio St.3d ___, 2020-Ohio-3686, ___ N.E.3d ___, ¶ 18.

{¶ 21} To avoid this result, on February 5, 2020, McDougald filed a motion seeking to amend both his complaint and his merit brief "to specify that his public records request kite was hand delivered to Larry Greene during his inmate communication weekly rounds * * * on January 3, 2019." However, permitting McDougald to amend his complaint and brief would be a vain act.

{¶ 22} It is not sufficient for McDougald to *allege* that he hand-delivered his request to Greene. To qualify for an award of statutory damages, a requester must prove the method of delivery by clear and convincing evidence. *State ex rel. Martin v. Greene*, 156 Ohio St.3d 482, 2019-Ohio-1827, 129 N.E.3d 419, ¶ 9. The allegations in McDougald's complaint and merit brief are not evidence. *See State ex rel. Luonuansuu v. King*, ___ Ohio St.3d ___, 2020-Ohio-4286, ___ N.E.3d ___, ¶ 17 (noting that the briefs and memoranda of the parties are not evidence). Therefore, we deny the February 5 motion for leave to amend and hold that McDougald is not entitled to statutory damages.

### III. CONCLUSION

{¶ 23} For the reasons stated above, we grant the writ of mandamus in part and deny it in part. We grant the motion to consider McDougald's exhibits as evidence. We deny the request for statutory damages. And we deny as moot the request for court costs and both motions for leave to amend.

Writ granted in part<br>and denied in part.

O'CONNOR, C.J., and FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs in part and dissents in part, with an opinion.

———————————

**KENNEDY, J., concurring in part and dissenting in part.**

{¶ 24} I agree with the majority's decision that relator, Jerone McDougald, is entitled to a writ of mandamus to compel respondent, Larry Greene, the official responsible for public-records requests at the Southern Ohio Correctional Facility ("SOCF"), to produce to McDougald for inspection two forms from the Ohio Department of Rehabilitation and Correction: DRC records 4181 and 2611. Unlike the majority, however, I would hold that delivery of a public-records request through a prison's kite system is equivalent to hand delivery and that McDougald

is therefore eligible for statutory damages. Because Greene has not produced the records for inspection since McDougald first sought them on January 3, 2019, I would award McDougald statutory damages pursuant to R.C. 149.43(C)(2). Therefore, I concur in part and dissent in part.

*Mandamus*

{¶ 25} On January 3, 2019, McDougald, using the prison's kite system, made a public-records request for three records: "DRC record[s]" 2693, 2611, and 4181. There is no dispute that two of the forms are indeed public records. Those records should have been produced for McDougald to inspect. Although "[p]ermitting an inmate to inspect records personally is not required when doing so would create security issues, unreasonably interfere with officials' discharge of their duties, and violate prison rules," *State ex rel. McDougald v. Sehlmeyer*, ___ Ohio St.3d ___, 2020-Ohio-4637, ___N.E.3d ___, ¶ 10, Greene made no claim about any such issues affecting McDougald's ability to inspect the documents in this case. Since it appears that McDougald is no longer incarcerated at SOCF, *see id*. at ¶ 2, and since McDougald seeks only blank, form documents, Greene should mail them to McDougald at his present address at no cost to McDougald.

*Statutory Damages*

{¶ 26} R.C. 149.43(C)(2) provides for statutory damages of $100 for each business day that the public office "failed to comply with an obligation in accordance with [R.C. 149.43(B)]," up to $1,000, if a court determines that the requester transmitted by certified mail, e-mail, or hand delivery a written request that "fairly describes the public record." When a public office receives a public-records request, it is obligated to promptly provide any responsive records. R.C. 149.43(B)(1). And when it denies a public-records request, a public office must inform the requester of that denial and provide the reasons for the denial. R.C. 149.43(B)(1) and (3).

**{¶ 27}** Whether the public office complied with its statutory duty to respond within a reasonable period of time " 'depends upon all of the pertinent facts and circumstances.' " *State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 12, quoting *State ex rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 10. The person requesting the records "bears the burden of demonstrating that the [public office's] response to [the] public-records requests was unreasonably delayed." *Id.*, citing *State ex rel. Dispatch Printing Co. v. Johnson*, 106 Ohio St.3d 160, 2005-Ohio-4384, 833 N.E.2d 274, ¶ 44.

**{¶ 28}** McDougald made his public-records request on January 3, 2019. The majority holds that his request fairly described the records he sought. He has yet to receive the documents. But the majority concludes that McDougald is not eligible for statutory damages because he sent his public-records request through SOCF's kite system and because a request by kite does not constitute hand delivery. I disagree and would hold that delivery by kite is the equivalent of hand delivery. *See State ex rel. McDougald v. Greene*, ___ Ohio St.3d ___, 2020-Ohio-3686, ___ N.E.3d ___, ¶ 60 (Kennedy, J., dissenting). Therefore, McDougald's method of delivery did not preclude an award of statutory damages.

**{¶ 29}** A court may decline to award statutory damages or may reduce the amount of the award if it finds that (1) based on the public-records law that existed at the time of the alleged conduct that constituted the failure to comply with R.C. 149.43, "a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct * * * did not constitute a failure to comply * * * with [R.C. 149.43(B)]," R.C. 149.43(C)(2)(a), and (2) "a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct * * * would serve the public policy that underlies the authority that is asserted as permitting that conduct," R.C. 149.43(C)(2)(b). Neither of those reduction factors apply in this case. Failing to

produce the records McDougald sought based on a supposed lack of specificity in the request is not defensible under Ohio's Public Records Act, R.C. 149.43.

{¶ 30} Statutory damages are awarded at a rate of $100 per day "for each business day during which the public office or person responsible for the requested public records failed to comply with an obligation in accordance with [R.C. 149.43(B)], beginning with the day on which the requester files a mandamus action to recover statutory damages."   Since Greene has produced no documents for McDougald to inspect since McDougald filed his mandamus action on August 23, 2019, I would award McDougald the statutory maximum of $1,000.

*Conclusion*

{¶ 31} Because I agree with the majority that McDougald is entitled to a writ of mandamus compelling Greene to allow him to personally inspect the records he sought from SOCF, I concur in part.  But because I would hold that Greene's failure to produce the documents made McDougald eligible for an award of statutory damages and because his method of delivery did not preclude him from being awarded such damages, I accordingly dissent in part.

_____

Jerone McDougald, pro se.

Dave Yost, Attorney General, and Jared S. Yee, Assistant Attorney General, for respondent.

_____