[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Huth v. Animal Welfare League of Trumbull Cty., Inc.*, Slip Opinion No. 2022-Ohio-3583.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-3583

THE STATE EX REL. HUTH *v.* ANIMAL WELFARE LEAGUE OF TRUMBULL COUNTY, INC.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Huth v. Animal Welfare League of Trumbull Cty., Inc.*, Slip Opinion No. 2022-Ohio-3583.]

*Mandamus—Public Records Act—Public office's response suggesting that requester specify individual persons, addresses, or dates gave her sufficient information to formulate a proper request and therefore satisfied office's obligations under R.C. 149.43(B)(2)—R.C. 149.43(B)(2) does not require public offices to offer tutorials on how their software systems work—Writ denied.*

(No. 2021-1187—Submitted August 2, 2022—Decided October 11, 2022.)

IN MANDAMUS.

_____

**Per Curiam.**

**{¶ 1}** Relator, Michela Huth, seeks a writ of mandamus compelling respondent, the Animal Welfare League of Trumbull County, Inc. ("AWL"), to inform her how AWL maintains and accesses its records in the ordinary course of business. Huth also seeks awards of attorney fees, statutory damages, and court costs pursuant to Ohio's Public Records Act, R.C. 149.43. For the reasons set forth below, we deny the writ of mandamus and decline to award attorney fees, statutory damages, or court costs.

### I. Background

**{¶ 2}** AWL is a county humane society organized and operating under R.C. 1717.05 et seq. On July 28, 2021, Huth sent the following public-records request to AWL by email:

> Please email me a copy of all criminal complaints filed in any court by humane agents/officers employed by AWL. This includes both current humane agents and those who are no longer employed by AWL.
>
> The time frame for this public records request is from 2015 to the date of production of the records.

AWL's records are not sorted according to whether or not an officer filed a criminal complaint. The only way AWL could have complied with the request would have been to search every investigatory file and determine whether each one contained a criminal complaint.

**{¶ 3}** On August 3, AWL's counsel replied to Huth, asserting that her request was "overly broad as written" and ambiguous. The message concluded by stating, "Please feel free to contact this office if you wish to revise or narrow your request, or if we can otherwise be of assistance."

**{¶ 4}** On August 4, Huth sent a second email, writing, "If you provide a document which lists case names and case numbers, I will limit our request to that." AWL's counsel responded on August 9, stating, "[AWL] does not create or possess a document listing the case names and case numbers for all cases for the time frame specified in your request." The message ended, "Please narrow your request to records which would be created and kept during the ordinary course of business."

**{¶ 5}** Huth responded the same day, writing, "I disagree with your objections to producing the records I requested." Later that day, AWL's counsel replied:

> I would be happy to review any argument or authority which is contrary to my message below. Again, you may wish to make your request more specific so we can provide you with what you require. *Possible suggestions are to specify individual persons, addresses or dates.*

(Emphasis added.) In her final message, Huth wrote, "I don't possess the knowledge of persons, dates, etc."

**{¶ 6}** On September 21, 2021, Huth filed a complaint for a writ of mandamus in this court. She alleged that she is "entitled to a writ of mandamus * * * to require [AWL] to inform [her] how it maintains its records, and how these records are accessed in the ordinary course of AWL's operations." Huth also requested awards of attorney fees, statutory damages, and court costs.

**{¶ 7}** We ordered the case to mediation, 164 Ohio St.3d 1456, 2021-Ohio-3598, 174 N.E.3d 804, which was unsuccessful, *see* 165 Ohio St.3d 1501, 2022-Ohio-55, 179 N.E.3d 115 (returning case to regular docket). On March 23, 2022, we granted an alternative writ, ordering the parties to file evidence and briefs. 166 Ohio St.3d 1434, 2022-Ohio-798, 184 N.E.3d 117.

## II. Analysis

### A. *Writ of mandamus*

**{¶ 8}** Mandamus is an appropriate remedy by which to compel compliance with the Public Records Act. *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6. To be entitled to a writ of mandamus in a public-records action, a relator must demonstrate, by clear and convincing evidence, a clear legal right to the requested relief and a clear legal duty on the part of the respondent to provide that relief. *State ex rel. Cincinnati Enquirer v. Sage*, 142 Ohio St.3d 392, 2015-Ohio-974, 31 N.E.3d 616, ¶ 10. In a public-records mandamus case, unlike other mandamus actions, the relator is not required to demonstrate the absence of an adequate remedy in the ordinary course of the law. *State ex rel. Frank v. Ohio State Univ.*, 161 Ohio St.3d 112, 2020-Ohio-3422, 161 N.E.3d 559, ¶ 7.

**{¶ 9}** R.C. 149.43(B)(2) provides that

[i]f a requester makes an ambiguous or overly broad request or has difficulty in making a request for copies or inspection of public records under this section such that the public office or the person responsible for the requested public record cannot reasonably identify what public records are being requested, the public office or the person responsible for the requested public record may deny the request but shall provide the requester with an opportunity to revise the request by informing the requester of the manner in which records are maintained by the public office and accessed in the ordinary course of the public office's or person's duties.

Huth asserts that AWL failed to comply with its obligation to inform her of the "manner in which records are maintained * * * and accessed." She seeks a writ of mandamus compelling AWL to provide this information.

{¶ 10} In the second message AWL's counsel sent on August 9, he suggested that Huth submit a request specifying "individual persons, addresses or dates." This response gave Huth sufficient information to formulate a proper request and therefore satisfied AWL's statutory obligations. *See State ex rel. Zidonis v. Columbus State Community College*, 133 Ohio St.3d 122, 2012-Ohio-4228, 976 N.E.2d 861, ¶ 34-35 (holding that a requester was not entitled to mandamus relief, because the public office had explained, before suit was filed, that it retains, organizes, and accesses its records based on content). Huth's complaint is therefore moot, and mandamus will not lie. *See State ex rel. Davidson v. Beathard*, 165 Ohio St.3d 558, 2021-Ohio-3125, 180 N.E.3d 1105, ¶ 13 ("A writ of mandamus will not issue to compel an act that has already been performed").

{¶ 11} In her briefs, Huth does not directly discuss the sufficiency of AWL's response advising her to provide names, addresses, or dates. Instead, she contends in her reply brief that AWL failed to meet its obligation under R.C. 149.43(B)(2) because it did not inform her that it uses PetPoint shelter-management software. Huth suggests that if AWL had informed her "as to exactly how to search PetPoint," then she could have searched the database for "names, dates, and addresses and other information * * * and could have provided [AWL] the information they sought in order for [her] to receive the criminal complaints she requested."

{¶ 12} This argument is not persuasive. R.C. 149.43(B)(2) requires a public office to explain how its records are organized, so as to help requesters formulate reasonable public-records requests. The statute does not require public offices to offer tutorials on how their software systems work. Moreover, unless Huth herself has PetPoint software and access to AWL's electronic files, it is unclear how

receiving information about PetPoint's databases would have assisted her in making her request. In her reply brief, Huth suggests that if AWL had informed her of how to search PetPoint, she would have had an opportunity "to receive the information she sought through the search criteria and reports that could have been generated" and to use those reports to narrow her search. But at that point, Huth either would be asking AWL to *generate* reports for her, which it is not required to do, *see State ex rel. McDougald v. Greene*, 163 Ohio St.3d 471, 2020-Ohio-5100, 171 N.E.3d 257, ¶ 10, or would still be making overly broad requests for all documents that fell within a certain category. In other words, that information would have taken her no closer to the records; she would still have had to begin with limited search parameters, such as names, addresses, or dates, which is what AWL asked her to submit.

{¶ 13} Huth makes clear in her reply brief that she continues to seek copies of every criminal complaint filed by an AWL officer and that she believes that AWL should be compelled to provide a method of accessing this information. The Public Records Act "does not contemplate that any individual has the right to a complete duplication of voluminous files kept by government agencies." *State ex rel. Warren Newspapers, Inc. v. Hutson*, 70 Ohio St.3d 619, 624, 640 N.E.2d 174 (1994). Nor is a public office required "to create a new record by searching for selected information." *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 30.

{¶ 14} We deny the requested writ of mandamus.

### B. Court costs

{¶ 15} Court costs are awarded in a public-records case in two circumstances. First, court costs must be awarded when the court grants a writ of mandamus compelling a public office to comply with its duties under the Public Records Act. R.C. 149.43(C)(3)(a)(i). Second, court costs must be awarded when the court determines that the public office "acted in bad faith when [it] * * * made

6

the public records available to the relator for the first time after the relator commenced the mandamus action, but before the court issued any order concluding whether or not" to grant a writ of mandamus. R.C. 149.43(C)(3)(a)(ii) and (b)(iii). Neither scenario applies to the facts of this case, so Huth is not entitled to an award of court costs.

### C. Statutory damages

{¶ 16} A requester is entitled to statutory damages under the Public Records Act if a court determines that the person responsible for the public records "failed to comply with an obligation" under R.C. 149.43(B). R.C. 149.43(C)(2).[1] As discussed above, within two weeks of receiving Huth's request, AWL responded, informing her how to narrow her request. We hold that AWL did not breach its duties under the statute in any fashion that would justify an award of statutory damages.

### D. Attorney fees

{¶ 17} The Public Records Act authorizes attorney-fee awards in four circumstances: (1) when a court renders a judgment ordering a public office to comply with division (B) of the statute, R.C. 149.43(C)(3)(b); (2) when the public office has failed to respond in any fashion to a public-records request, R.C. 149.43(C)(3)(b)(i); (3) when the public office has promised to provide records within a specified period of time but has failed to fulfill the promise, R.C. 149.43(C)(3)(b)(ii); or (4) when the public office has acted in bad faith by making the records available for the first time after the relator commenced a mandamus action but before being ordered to do so, R.C. 149.43(C)(3)(b)(iii). Huth has not shown that any of these conditions for an award of attorney fees exists in this case.

---

1. To be eligible for statutory damages, a requester must send the request by a qualifying method of delivery. *State ex rel. McDougald v. Greene*, 161 Ohio St.3d 130, 2020-Ohio-3686, 161 N.E.3d 575, ¶ 14, citing R.C. 149.43(C)(2). "[E]lectronic submission" is a qualifying delivery method. R.C. 149.43(C)(2).

**{¶ 18}** Moreover, even if Huth were otherwise entitled to an award of attorney fees, she would be ineligible here because she is representing herself and did not incur any attorney fees. *See State ex rel. Armatas v. Plain Twp. Bd. of Trustees*, 163 Ohio St.3d 304, 2021-Ohio-1176, 170 N.E.3d 19, ¶ 33. Huth suggests that she should be entitled to recover attorney fees because she is a licensed attorney. However, she cites no authority in support of her claim that a different rule applies to self-representing licensed attorneys.

**{¶ 19}** For these reasons, we deny the request for attorney fees.

### III. Conclusion

**{¶ 20}** For the reasons stated above, we deny the requests for a writ of mandamus, court costs, statutory damages, and attorney fees.

Writ denied.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

———————————

Michela Huth, pro se.

Holland & Muirden and J. Jeffrey Holland, for respondent.

———————————