[Cite as *State ex rel. Brown v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-5695.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Robert Brown, | : | |
| Relator, | : | |
| v. | : | No. 24AP-150 |
| Ohio Department of Rehabilitation and Correction et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

---

D E C I S I O N

Rendered on December 5, 2024

---

**On brief:** *Robert Brown*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Matthew Convery*, for respondent.

---

IN MANDAMUS ON MOTION TO DISMISS

MENTEL, P.J.

{¶ 1} Relator, Robert Brown, filed a complaint in mandamus against the Ohio Department of Rehabilitation and Correction ("ODRC"), Annette Chambers-Smith, Director, and Jerry T. Hecker, Institutional Investigator, seeking an order to produce records of an internal prison investigation of his attempt to obtain contraband cellphones under R.C. 149.43, the statute governing public records disclosure. ODRC filed a motion to dismiss Mr. Brown's complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted, arguing that the records either do not exist or are nonprivileged recorded phone conversations exempt from disclosure under R.C. 5120.21(D)(7). Mr. Brown also has filed a motion to amend his complaint.

{¶ 2}    Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate recommends that we grant ODRC's motion to dismiss and deny Mr. Brown's motion to amend as moot.

{¶ 3}    Mr. Brown filed no objection to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). For the reasons that follow, we do not agree with the magistrate's conclusion that Mr. Brown entirely failed to state a claim upon which relief may be granted.

{¶ 4}    Mr. Brown's complaint alleges that he was "put in the hole" on October 18, 2022, while being investigated at the Marion Correctional Institution ("MCI"). (Feb. 26, 2024 Compl. at ¶ 15.) Ten days later, he received a "Conduct Report" finding that he had called a prison staff member in an attempt to obtain contraband cellphones. *Id.* Mr. Brown attached a copy of the report to the complaint stating that this conduct violated several prison rules.[1] (Ex. B, Compl.) The report also stated: "Based on evidence collected during the course of an investigation, it has been determined that on 10/7/2022 at approximately 11:00 p.m. Inmate Brown A199549 called Aramark Contractor Jessica Price to arrange for her to bring cell phones into MCI. All supporting evidence is available in the Investigator's Office upon request." *Id.* The report was signed by Jerry Hecker, alleged by Mr. Brown to be MCI's investigator. *Id.* Although the magistrate's decision references the conduct report in the Fourth Finding of Fact, it omits the investigator's language stating that the supporting evidence was available on request.

{¶ 5}    Mr. Brown's complaint alleges multiple instances that he requested records variously described as "files and paperwork," "documents," "a copy of the phone calls," and "a copy of [his] approved phone calling list," before receiving denials by MCI staff. (Compl. at ¶ 6, 16.) The magistrate's decision accurately summarizes the exhibits attached to Mr. Brown's complaint memorializing these requests. These allegations, along with the requests stated in the exhibits, must be assumed to be true and construed in Mr. Brown's

---

[1] " 'Documents attached to or incorporated into the complaint may be considered on a motion to dismiss pursuant to Civ.R. 12(B)(6).' " *State ex rel. Washington v. D'Apolito*, 156 Ohio St.3d 77, 2018-Ohio-5135, ¶ 10, quoting *NCS Healthcare, Inc. v. Candlewood Partners, LLC*, 160 Ohio App.3d 421, 2005-Ohio-1669, ¶ 20 (8th Dist.).

favor when evaluating his claim under Civ.R. 12(B)(6). "Dismissal of a mandamus action under Civ.R. 12(B)(6) is appropriate if, after presuming all factual allegations in the complaint to be true and drawing all reasonable inferences in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to a writ of mandamus." *State ex rel. A.N. v. Cuyahoga Cty. Prosecutor's Office*, 165 Ohio St.3d 71, 2021-Ohio-2071, ¶ 8, citing *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, ¶ 8. When this standard is applied, the allegations and exhibits show that the records Mr. Brown requested were 1) any recording of the October 7, 2022 phone call; 2) the approved list of numbers Mr. Brown could contact; and 3) "all evidence that was contained and lead [*sic*] to [the] investigation," as stated in Exhibit E, the November 13, 2023 kite, apparently a reference to the "supporting evidence" mentioned in the conduct report.

{¶ 6} However, when arguing for dismissal under Civ.R. 12(B)(6), ODRC almost exclusively characterizes the records in question as audio recordings of phone conversations. (*See* Mar. 25, 2024 Respondent's Mot. to Dismiss Compl. at 4 ("Relator alleges that he made a request for audio copies of the phone calls he had made. * * * Audio conversations recorded from monitored inmate telephones are not public records."), 8 ("Relator must demonstrate by clear and convincing evidence [that] he has a clear legal right to the requested relief (i.e., audio recording of his telephone calls) * * * R.C. 149.43 does not entitle Relator to audio files of his recorded telephone conversation."). ODRC's express legal argument asserts two grounds for dismissal, and both address only the request for recordings of the phone call. The first argument states that "The Requested Phone Records Relator Requests Do Not Exist," citing the November 9, 2023 response from MCI staff in Exhibit B. *Id.* at 9. ODRC's second argument is that the exemption under R.C. 5120.21(D)(7) for "[c]onversations recorded from the monitored inmate telephones that involve nonprivileged communications" from the definition of a public record prohibits the release of any recorded phone call. *Id.* at 10-12. ODRC has only argued for dismissal of Mr. Brown's claim insofar as it encompasses audio recordings of the phone call in question. It has asserted no argument for dismissing the claim insofar as it seeks disclosure of the other public records described by Mr. Brown, such as the approved call list or the "supporting evidence" described as "available" by Mr. Hecker in the conduct report. (Ex. B, Compl.)

{¶ 7} We agree with the magistrate's conclusion that R.C. 5120.21(D)(7) prevents the release of any audio recording Mr. Brown seeks. His claim in mandamus may fail as a matter of law under Civ.R. 12(B)(6), but only to the extent that any recorded phone call is not a public record under the statutory exemption.

{¶ 8} Our earlier statement that ODRC *almost* exclusively characterizes the public records Mr. Brown requested as audio recordings of phone conversations was prompted by this assertion in its briefing, stated in the "Introduction" and not in the section asserting its legal arguments: "Relator made a request for the investigation material and a recording of the call. (Compl., Page 8.) The Inspector's Office provided the conduct report, but responded that they do not have documents reflective of the 'phone records' that he requested. (*See* Relator Exhibit D)."[2] (Respondent's Mot. to Dismiss Compl. at 3-4.) This language implies that the conduct report was provided to Mr. Brown in response to his public records request. However, Mr. Brown's receipt of the conduct report occurred *before* any of his public records requests. His complaint alleges that he received the report ten days after he was "put in the hole" on October 18, 2022. There is no allegation of any request by him predating its receipt. The copy of the conduct report attached as Exhibit B to the complaint is dated October 28, 2022. It is the "supporting evidence" mentioned in the conduct report and described as "available on request" that prompted Mr. Brown's subsequent public records requests, the first of which he made on November 2, 2023, over a year *after* receiving the conduct report. (Ex. D, Compl.) And it was the November 13, 2023 request that specifically asked for "all evidence that was contained [in] and lead [*sic*] to [the] investigation," which Mr. Hecker denied. (Ex. E., Compl.)

{¶ 9} The magistrate's decision repeats this erroneous description of Mr. Brown's allegations. (Mag.'s Decision at 11.) In addition, the magistrate's decision erroneously characterizes it as a legal argument by ODRC in support of its motion to dismiss:

> In the present case, ODRC argues that it properly responded to relator's records request when it produced the conduct report, as evidenced by its attachment to the petition * * * .
>
> The magistrate agrees with ODRC that it complied with relator's public records requests. With regard to relator's

---

[2] Page 8 of the complaint does not contain the allegation ODRC describes, but instead contains an affidavit sworn to by Mr. Brown that addresses the finding of a prison rules infraction and the denial of parole. The allegation ODRC references is apparently that in Paragraph 15 on Page 5.

somewhat vague request for evidence from the investigation, *ODRC produced the conduct report*, as evidenced by its attachment to the relator's petition. Relator does not contend in his petition that there is any additional evidence that he seeks in mandamus.

(Emphasis added.) *Id.*

{¶ 10} As discussed, the October 28, 2022 conduct report was not produced in response to Mr. Brown's requests. He nowhere alleges that it was, and the dates on all the exhibits contradict any such inference. And, as explain, ODRC's legal arguments for dismissal of Mr. Brown's claim only concerned the phone records and audio recording exemption under R.C. 5120.21(D)(7). For these reasons, we cannot adopt the magistrate's reasoning to dismiss the portion of Mr. Brown's public records claim addressing the investigatory evidence requested in the November 13, 2023 kite. (Ex. E., Compl.) Only to the extent that Mr. Brown's public records request sought nonexistent phone records or an audio recording exempted from disclosure under R.C. 5120.21(D)(7) is ODRC entitled to dismissal of Mr. Brown's failure to state a claim upon which relief may be granted.

{¶ 11} With regard to the other aspects of Mr. Brown's claim under R.C. 143.43 we note that the conduct report provided to him stated that "[a]ll supporting evidence" concerning the contraband infraction was "available in the Investigator's Office upon request." (Ex. B, Compl.) Mr. Brown was permitted to submit a public records request under R.C. 143.43 through the prison kite system. *See, e.g., State ex rel. McDougald v. Greene*, 161 Ohio St.3d 130, 2020-Ohio-3686, ¶ 18 (noting that "delivery of a public-records request through a prison's kite system" was valid as a public records request under R.C. 143.43). When Mr. Brown made the request, the investigator refused, but provided no explanation: "Our office will not provide this information to you." (Ex. E, Compl.) These allegations, when assumed to be true, do not indicate compliance with R.C. 149.43(B)(3), which states: "If a request is ultimately denied, in part or in whole, the public office or the person responsible for the requested public record shall provide the requester with an explanation, including legal authority, setting forth why the request was denied." Assuming the allegations of Mr. Brown's complaint to be true and construing them in his favor, as required when testing the sufficiency of a claim under Civ.R. 12(B)(6), we conclude that dismissal of his claim in its entirety is not appropriate. Accordingly, we adopt in part and reject in part the magistrate's decision. ODRC's motion to dismiss is granted to the extent

that Mr. Brown seeks nonexistent records, as well as any audio recording of the phone call not subject to disclosure under R.C. 5120.21(D)(7), but the motion to is overruled as to any other records he seeks. *State ex rel. McDougald v. Greene*, 163 Ohio St.3d 471, 2020-Ohio-5100, ¶ 10 (holding that "when a requester seeks a nonexistent record, a public office has no duty to provide it").

{¶ 12} Finally, we note that Mr. Brown has filed a motion to amend his complaint under Civ.R. 15(A), seeking to add a defendant. Under Civ.R. 15(A), "[a] party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier." Mr. Brown timely filed the motion and is entitled to amend the complaint as a matter of course. However, given that this decision has clarified the contours of his claim for relief after he filed the motion, it is overruled without prejudice to renewal to allow any future request to amend to account for the alterations to his claim.

*Motion to dismiss sustained in part and overruled in part;*
*motion for leave to amend overruled without prejudice.*

JAMISON and LELAND, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Robert Brown, | : | |
| Relator, | : | |
| v. | : | No. 24AP-150 |
| Ohio Department of Rehabilitation [and] Correction, Annette Chambers-Smith Director, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on September 30, 2024

*Robert Brown*, pro se.

*Dave Yost*, Attorney General, and *Matthew Convery*, for respondent.

IN MANDAMUS ON MOTIONS

{¶ 13} Relator, Robert Brown, commenced this original action seeking a writ of mandamus ordering Ohio Department of Rehabilitation and Correction, Annette Chambers-Smith, Director, and Jerry T. Hecker, Institutional Investigator, (collectively "ODRC") to produce certain records.

Findings of Fact:

{¶ 14} 1. Relator is an inmate at Marion Correctional Institution ("MCI").

{¶ 15} 2. ODRC is a governmental agency responsible for, among other things, operating the Ohio prison system.

{¶ 16} 3. On February 28, 2024, relator filed a petition for writ of mandamus. The following facts are gleaned from the allegations presented in the petition and its attachments.

{¶ 17} 4. On October 29, 2022, ODRC issued a conduct report that alleged relator had called a staff member on October 7, 2022, seeking to arrange for that staff member to convey contraband telephones into the prison, and Heckert, the Institutional Investigator at MCI, had a recording of the call.

{¶ 18} 5. On November 2, 2023, relator requested from MCI via an institutional "kite," the following: "[A] copy of the phone record that was made during the month of October 7th, 2022 at 11pm, you can send the whole record of that morning if it['s] convenient." (Compl. at 16.) On November 8, 2022, MCI staff denied the request, responding, "After reviewing and in response to your Kite, the Inspector[']s Office doesn't have phone records. [Y]ou may need to Kite the Investigator[']s Office for your request, but not sure if they are permitted to You." (Compl. at 16.)

{¶ 19} 6. On November 13, 2023, relator requested "all evidence that was contained and lead to this investigation of myself so I can present it to the parole board for a reconsideration of my parole." (Compl. at 18.) On November 14, 2023, MCI staff denied the request, responding, as follows: "Our office will not provide this information to you. If the parole board has any questions, they can ask us." (Compl. at 18.)

{¶ 20} 7. On December 2, 2023, relator requested from MCI via an institutional "kite," that he be permitted to review the audio phone recording of the October 7, 2022, phone call he allegedly made. On December 8, 2023, MCI staff denied the request, responding, "The Kite system is not a forum to appeal or add to an Appeal of a decision from RIB." (Compl. at 15.)

{¶ 21} 8. On December 2, 2023, relator also requested from MCI via an institutional "kite," the following: (1) copies of all of the phone calls from October 7, 2022; and (2) all of the approved callers on his phone list. On December 11, 2023, ODRC staff denied the request, responding: "This would require a subpoena from a judge. These records are not available without one." (Compl. at 11.)

{¶ 22} 9. On March 25, 2024, ODRC filed a motion to dismiss relator's petition pursuant to Civ.R. 12(B)(6).

{¶ 23} 10. On March 25, 2024, relator filed a motion to amend his complaint to add a party and change an address of one of the original named respondents.

Discussion and Conclusions of Law:

{¶ 24} The magistrate recommends that this court grant ODRC's motion to dismiss relator's petition for writ of mandamus and deny relator's March 25, 2024, motion to amend as moot.

{¶ 25} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). However, relators in public-records mandamus cases need not establish the lack of an adequate remedy in the ordinary course of law. *State ex rel. ACLU of Ohio v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, ¶ 24, citing *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, ¶ 41.

{¶ 26} A motion to dismiss pursuant to Civ.R. 12(B)(6) is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992), citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). A trial court may not rely on allegations or evidence outside the complaint when reviewing a Civ.R. 12(B)(6) motion. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997). In addition, the trial court must presume all factual allegations contained in the complaint are true and must make all reasonable inferences in favor of the nonmoving party. *Jones v. Greyhound Lines, Inc.*, 10th Dist. No. 11AP-518, 2012-Ohio-4409, ¶ 31, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). The court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Lane v. U.S. Bank N.A.*, 10th Dist. No. 22AP-

358, 2023-Ohio-1552, ¶ 23, citing *Morrow v. Reminger & Reminger Co. L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.).

{¶ 27} A "public record" is a record "kept by any public office." R.C. 149.43(A)(1). R.C. 149.43(B)(1) provides that the public office must "promptly prepare" all records responsive to a public-records request within a "reasonable period of time." R.C. 149.43(A)(1)(b) provides the following:

> (A) As used in this section:
>
> (1) "Public record" means records kept by any public office, including, but not limited to, state, county, city, village, township, and school district units, and records pertaining to the delivery of educational services by an alternative school in this state kept by the nonprofit or for-profit entity operating the alternative school pursuant to section 3313.533 of the Revised Code. "Public record" does not mean any of the following:
>
> * * *
>
> (v) Records the release of which is prohibited by state or federal law[.]

{¶ 28} When a public office withholds responsive records, it has the burden of showing that the records are statutorily exempt from disclosure. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, paragraph two of the syllabus. Denial of a public-records request is appropriate if the public record is fully exempt from mandatory disclosure, but if a public record is fully exempt from mandatory disclosure, the public-records custodian must provide the requester with an explanation, including legal authority, setting forth why the request was denied. R.C. 149.43(B)(3). Exceptions to disclosure are strictly construed against the public office withholding the records. *Id.*

{¶ 29} A party who believes that a request for a public record has been improperly denied may file a mandamus action in order to compel production of the record. R.C. 149.43(C)(1)(b). *See State ex rel. Physicians Commt. for Responsible Medicine v. Bd. of Trustees of Ohio State Univ.*, 108 Ohio St.3d 288, 2006-Ohio-903, ¶ 6. The requester must establish by clear and convincing evidence a clear legal right to the records and a

corresponding clear legal duty on the part of the respondent to provide them. *See State ex rel. Cincinnati Enquirer v. Sage*, 142 Ohio St.3d 392, 2015-Ohio-974, ¶ 10.

**{¶ 30}** In the present case, ODRC argues that it properly responded to relator's records requests when it produced the conduct report, as evidenced by its attachment to the petition; informed relator that it does not have any of the requested phone records; and informed relator that he would need to subpoena and an order from a judge to obtain the audio copies of his phone calls. Thus, ODRC asserts, it provided all public records responsive to his requests.

**{¶ 31}** The magistrate agrees with ODRC that it complied with relator's public records requests. With regard to relator's somewhat vague request for evidence from the investigation, ODRC produced the conduct report, as evidenced by its attachment to the relator's petition. Relator does not contend in his petition that there is any additional evidence that he seeks in mandamus. ODRC also informed relator that it does not have any of the phone records relator requested. *See State ex rel. McDougald v. Greene*, 163 Ohio St.3d 471, 2020-Ohio-5100, ¶ 10 (finding when a requester seeks a nonexistent record, a public office has no duty to provide it).

**{¶ 32}** Finally, as for relator's request for his recorded phone conversations, R.C. 5120.21(D)(7) provides that:

> (D) Except as otherwise provided by a law of this state or the United States, the department and the officers of its institutions shall keep confidential and accessible only to its employees, except by the consent of the department or the order of a judge of a court of record, all of the following:
>
> * * *
>
> (7) Conversations recorded from the monitored inmate telephones that involve nonprivileged communications.

**{¶ 33}** In response to relator's request for audio copies of his phone calls, ODRC informed relator that he would need a subpoena and an order from a judge. Thus, ODRC properly denied relator's request for the audio recording of his inmate phone call and sufficiently explained the reasoning for the denial.

**{¶ 34}** Therefore, presuming all factual allegations contained in the complaint are true and making all reasonable inferences in favor of relator, the magistrate concludes

that ODRC properly complied with and responded to relator's public records requests. For these reasons, relator's petition fails to state a claim upon which relief may be granted.

{¶ 35} Accordingly, it is the magistrate's recommendation that the court grant ODRC's motion to dismiss relator's petition and deny relator's March 25, 2024, motion to amend as moot.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.