[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 185.]

THE STATE EX REL. POLICE OFFICERS FOR EQUAL RIGHTS ET AL. *v*. LASHUTKA, MAYOR, ET AL.

[Cite as *State ex rel. Police Officers for Equal Rights v. Lashutka*, 1995-Ohio-19.]

*Mandamus to compel city of Columbus to provide police Internal Affairs Bureau investigations, chain of command investigations, and other like records for inspection and copying—Writ allowed, when—Award of relators' attorney fees allowed, when.*

(No. 95-603—Submitted March 30, 1995—Decided April 20, 1995.)

IN MANDAMUS AND PROHIBITION.

_____

{¶ 1} On March 23, 1995, relators, Police Officers for Equal Rights ("POER"), James Moss and John S. Marshall filed an original action in this court denominated as "Petition for Writs of Mandamus and Prohibition." Named respondents are Gregory S. Lashutka, Mayor of the city of Columbus, and James Jackson, Chief of the Columbus Division of Police.

{¶ 2} In their petition, relators allege that, pursuant to R.C. 149.43, they, over a period of time, requested from appropriate officials the opportunity to inspect certain records of the city of Columbus, specifically, records of the Division of Police. Relators allege that their repeated requests have been denied even though the records they seek (Internal Affairs Bureau investigations, chain of command investigations and other like records) are "public records" and are not subject to any exception found in R.C. 149.43 or case law.

{¶ 3} Relators further allege that the respondents are about to destroy records of the Division of Police pursuant to the city of Columbus's records retention policy, adopted in June 1994, and that some of the records scheduled for

destruction are records being sought by relators pursuant to their R.C. 149.43 requests. Continuing, relators allege that the records retention system of the Columbus Division of Police is poor, that the system does not comply with R.C. 149.43, that there is no central control of the various types of records kept and that any records sought cannot be retrieved in a timely manner.

{¶ 4} In their prayer for relief, relators then "* * * request that this Court issue an order compelling the Respondents to furnish Relators with the requested records for inspection and copying," that "this Court issue an order compelling the Respondents to modify their record retentions system so that files of its personnel can be accessed in a reasonable period of time following a request by a member of the public to inspect such records," and "that this Court issue a peremptory writ prohibiting the Respondents or their agents and/or employees from proceeding with any destruction of records which are subject to the Relators' pending public records requests."

{¶ 5} Accompanying relators' petition, relators also filed, on March 23, 1995, a memorandum in support of their requests, two affidavits and a motion to expedite hearing of the cause. On March 31, 1995, relators and respondents filed a "Joint Motion of the Parties for Issuance of a Preemptory [*sic*] Writ of *Prohibition*." (Emphasis added.) The order proposed by the parties would have granted a peremptory writ of prohibition which was designed to prevent the destruction of the records sought by relators. That same day, March 31, 1995, the parties withdrew their motions and simultaneously filed a "Joint Motion of the Parties for Issuance of a Peremptory Writ of *Mandamus*." (Emphasis added.) The filing included a proposed order which would issue a peremptory writ of mandamus ordering the Columbus Chief of Police and other city officers and employees, during the pendency of this original action, to refrain from destroying certain records.

**{¶ 6}** The two affidavits filed by relators, as part of the original papers filed by relators, were affidavits of James Moss and John Marshall. These affidavits make clear that the records being sought by relators are personnel and internal investigative records. All the records sought concern regulation and discipline of police officers in connection with performance of their duties. None of the records sought involve pending criminal prosecutions or proceedings.

**{¶ 7}** The matter is now before us for decision.

————————————

*Spater, Gittes, Schulte & Kolman* and *Frederick M. Gittes*, for relators.

*Ronald J. O'Brien*, Columbus City Attorney, for respondents.

————————————

**DOUGLAS, J.**

**{¶ 8}** This is yet another in a series of cases involving public records. While we have, time and time again, informed public officials and public agencies of their duties pursuant to R.C. 149.43 (to release records in their possession, which records clearly belong to the public), we, nevertheless, continue to see obfuscation, cunctation, delay and even arrogance in far too many cases. This case is a good example.

**{¶ 9}** Relators have requested that respondents provide certain records maintained by the Columbus Department of Public Safety, Division of Police. In response to their request, relators received a letter (which is part of the record in this case) from the Legal Bureau of the Division of Police. The letter, dated February 17, 1995, emphatically states that the request of relators for records is denied on the authority of *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83. The letter states, in part, that "[a]pplying the language in Steckman to Internal Affairs investigations, it is clear they are not public records." (Emphasis sic.) The Division of Police is just plain wrong!

I

Prohibition

{¶ 10} The requested peremptory writ of prohibition is denied. That part of relators' petition is dismissed.

{¶ 11} What relators seek in their prohibition action is an order to tell the Columbus Police Department how to keep, store, maintain and make available public records and an order preventing record destruction. Such an action is in the nature of declaratory judgment and/or injunction. This court has no original jurisdiction over either type of action as original relief. We do have such jurisdiction as ancillary to other *appropriate* relief. Such is not relators' prohibition action.

{¶ 12} In addition, the act of destroying (or keeping) public records is neither judicial nor quasi-judicial. Thus, the first prong of the test for prohibition (that the court or officer against whom prohibition is sought is about to exercise judicial or quasi-judicial power) is clearly nonexistent here. See, generally, *Goldstein v. Christiansen* (1994), 70 Ohio St.3d 232, 234-235, 638 N.E.2d 541, 543, and *State ex rel. Hensley v. Nowak* (1990), 52 Ohio St.3d 98, 99, 556 N.E.2d 171, 172-173. Thus, the prohibition portion of relators' petition is denied and dismissed.

II

Mandamus and *Steckman*

{¶ 13} The mandamus portion of relators' petition, which seeks the ultimate relief of release of the records sought, is granted. In addition, an award of attorney fees is allowed. R.C. 2731.06 provides, in part, that "[w]hen the right to require the performance of an act is clear and it is apparent that no valid excuse can be given for not doing it, a court, in the first instance, may allow a peremptory mandamus." This case cries out for such action.

{¶ 14} In the previously referenced letter of February 17, 1995, the Division of Police takes exactly the opposite view of what *Steckman* says and holds. It might very well be said that the action of respondents in relying on *Steckman* to deny relators' request is an intentional act of disregard. Throughout *Steckman*, we referenced "pending criminal case," "criminal proceeding itself," and "prosecuting a criminal matter," so as to make clear in what context *Steckman* applies. To now see the case being used to deny records that are clearly public and not exempt under any of the exceptions to R.C. 149.43 borders itself on the criminal. *Steckman* was designed to be used as a shield—not a sword. Intentional improper use of the case could very well result in modification. A word to the wise should be sufficient. Again and again and again: Steckman applies to actual pending or highly probable *criminal* prosecutions and defines, in *that* context, the very narrow exceptions to R.C. 149.43. Further, while relators do not cite *Henneman v. Toledo* (1988), 35 Ohio St.3d 241, 520 N.E.2d 207, that case is clearly on point with regard to the records they seek.

{¶ 15} Accordingly, we allow a writ of mandamus ordering the respondents to, forthwith, make the records sought by relators available to relators for inspection and copying. There must be no further delay. This, then, also addresses the question of imminent record destruction at least as far as that alleged proposed action pertains to the specific records sought.

{¶ 16} Further, we allow an award of costs and reasonable attorney fees. Counsel for relators is instructed to submit to this court a bill and documentation in support of the request for allowance of fees, all of which shall be in accordance with the guidelines set forth in DR 2-106.

*Writ of prohibition denied;*
*writ of mandamus allowed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

WRIGHT, J., concurs in judgment only.

_____