[Cite as *States Resources Corp. v. Hendy*, 2011-Ohio-1900.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATES RESOURCES CORP.

    Appellee

    v.

CARY V. HENDY

    Appellant

C.A. No.    25423

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2009-04-2676

DECISION AND JOURNAL ENTRY

Dated: April 20, 2011

MOORE, Judge.

{¶1} Appellant, Cary V. Hendy, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In 2004, Cary V. Hendy, a banker at National City, entered into a business relationship with Anne Zaytzeff. Hendy wanted to acquire additional real estate investments. Zaytzeff owned a building located at 771 North Howard in Akron, Ohio. Hendy co-managed the building with Zaytzeff and decided to purchase the property around 2005. On September 26, 2007, Hendy executed a cognovit promissory note, secured by real estate, in favor of Ameribank. Around December 2008, Ameribank was taken over by the Federal Deposit Insurance Corporation ("FDIC"). Following negotiations between States Resources Corp. and the FDIC as the receiver for Ameribank, the promissory note executed by Hendy was purchased by States Resources.

**{¶3}** Hendy made payments electronically each month until December 2008. After the note was purchased by States Resources, Hendy entered into negotiations with States Resources seeking a reduction in the principal of the promissory note. However, these negotiations were unsuccessful and no payments were made by Hendy to States Resources.

**{¶4}** On April 6, 2009, States Resources filed a complaint on a cognovit promissory note, and an answer was filed by Hendy admitting all liability. On that same day, a cognovit judgment was rendered in favor of States Resources and against Hendy in the amount of $83,215.09, plus attorney fees, interest and costs.

**{¶5}** On April 23, 2009, States Resources began proceedings in aid of execution. On May 6, 2009, Hendy filed a motion for relief from judgment and a motion for leave to file an answer instanter. In these motions he alleged fraud on behalf of States Resources in seeking and obtaining the cognovit judgment against Hendy. On June 17, 2009, the court granted relief to Hendy, vacating the cognovit judgment. On that same day, Hendy filed an answer denying all liability other than his monthly obligations pursuant to the promissory note.

**{¶6}** On July 24, 2009, States Resources filed a motion for summary judgment. The trial court denied the motion on September 17, 2009. A bench trial was held between November 24, 2009, and December 17, 2009. On January 20, 2010, a judgment was awarded in favor of States Resources and against Hendy in the amount of $80,762.21 plus accrued interest of $10,074.48, late charges of $196.05 and attorney fees and costs. A hearing was scheduled with respect to legal fees and on May 12, 2010, the court awarded States Resources $17,750.00 in attorney fees and costs.

**{¶7}** Hendy timely filed a notice of appeal. He raises three assignments of error for our review.

II.

## <u>ASSIGNMENT OF ERROR I</u>

"THE TRIAL COURT'S JUDGMENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS UNSUPPORTED BY THE EVIDENCE."

{¶8} Hendy contends that the trial court's judgment is against the manifest weight of the evidence. We do not agree.

{¶9} In *Bryan-Wollman v. Domonko*, 115 Ohio St.3d 291, 2007-Ohio-4918, at ¶3, the Ohio Supreme Court set forth the civil standard of review for manifest weight challenges: "When applying a civil manifest-weight-of-the-evidence standard, a court of appeals should affirm a trial court when the trial court's decision is supported by some competent, credible evidence." (Internal citations and quotations omitted.)

{¶10} The record indicates that on September 26, 2007, Hendy executed a cognovit promissory note, secured by real estate, in favor of Ameribank. The promissory note included an acceleration clause. On the same date, Hendy also executed an agreement to provide insurance. A mortgage securing repayment of the promissory note, also executed on this date, required Hendy to keep the real estate taxes current. Hendy testified that payments were made to Ameribank electronically via "Automated Clearing House," or ACH. Hendy testified that the last payment that was applied to the loan was during November 2008. He further testified that he deposited money into his business bank account each month to cover the necessary expenses for the business property, including the promissory note, insurance, and taxes.

{¶11} Around December 2008, Ameribank was taken over by the FDIC. Melissa Duncan, an account officer at States Resources, testified that States Resources is the holder of the promissory note executed by Hendy. She testified to negotiations between States Resources

and FDIC as the receiver for Ameribank. The promissory note executed by Hendy was purchased by States Resources as part of a pool. Duncan identified the promissory note and the endorsement by the FDIC transferring it to States Resources.

{¶12} Around January 2009, Hendy noticed that the payments for the promissory note had not been withdrawn from his bank account. He decided to investigate and found that Ameribank was "in the process of being liquidated." The parties concede that on February 20, 2009, States Resources sent an introductory letter to Hendy informing him that it had purchased the loan from the FDIC and that all future payments should be forwarded to States Resources. Hendy subsequently contacted States Resources to negotiate a reduction in the principal. The parties were unable to reach an agreement during these negotiations. Specifically, Hendy would not provide the requested financial information to States Resources. Hendy confirmed that he received an email from States Resources with a copy of the promissory note that had been endorsed to it by the FDIC.

{¶13} Duncan further testified that States Resources had not received any funds from Hendy. In addition, she testified that the taxes on the property were not current and that States Resources had received notice that the insurance on the property had been cancelled. At trial, Duncan testified that the outstanding principal balance was $80,726.21, the accrued interest was $10,074.38, and there were late charges totaling $196.05.

{¶14} The trial court reviewed the documents submitted at trial, considered the testimony of the witnesses and was in the best position to make credibility determinations. *Eberhart v. Paintiff*, 9th Dist. No. 05CA0002-M, 2005-Ohio-4255, at ¶13, quoting *State v. DeHass* (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. It granted judgment in favor of States Resources and against Hendy. From the evidence in the record, we conclude that the

"trial court's decision is supported by some competent, credible evidence." *Bryan-Wollman* at ¶3. Thus, Hendy's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN PERMITTING THE ADMISSION OF HEARSAY."

**{¶15}** Hendy contends that the trial court erred when it admitted hearsay evidence. Specifically, Hendy takes issue with the fact that Duncan testified regarding the promissory note, the payments on the note, telephone calls and emails exchanged with Hendy, and Summit County records, of which she had no personal knowledge.

**{¶16}** Generally, this Court reviews a trial court's ruling on the admissibility of evidence for an abuse of discretion. *State v. Roberts*, 156 Ohio App.3d 352, 2004-Ohio-962, at ¶14. However, the Ohio Supreme Court has held that "[w]hen a court's judgment is based on an [arguably] erroneous interpretation of the law, an abuse-of-discretion standard is not appropriate." *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, at ¶13. "Whether evidence is admissible because it falls within an exception to the hearsay rule is a question of law, thus, our review is *de novo*." (Italics sic.) *Monroe v. Steen*, 9th Dist. No. 24342, 2009-Ohio-5163, at ¶11, citing *State v. Denny*, 9th Dist. No. 08CA0051, 2009-Ohio-3925, at ¶4.

**{¶17}** Duncan testified that Hendy was not current in his tax obligations for the property securing the promissory note. States Resources submitted a certified copy of Hendy's tax statement issued by Summit County. Hendy objected to the testimony as well as to the admission of the document. Counsel for States Resources correctly advised the court that the court could at least take judicial notice of the certified document. The court allowed the admission of the exhibit.

{¶18} Evid.R. 201 governs judicial notice of facts of the case, or "adjudicative facts." See, also, *Smith v. McLaughlin*, 9th Dist. No. 24890, 2010-Ohio-2739, ¶51. A court may take judicial notice of a fact not subject to reasonable dispute that is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Evid.R. 201(B). Further, "[j]udicial notice may be taken at any stage of the proceeding." Evid.R. 201(F). Once judicial notice of a fact is taken, a "party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken." Evid.R. 201(E).

{¶19} During trial, Hendy did not argue that the certified copies were inaccurate or unreliable. Instead, he argued that Duncan was not the proper party to testify regarding the documents. The court sustained the objection and did not allow Duncan to testify regarding the document. Upon review, we conclude that the trial court took proper judicial notice that Hendy was not current in his tax obligations. This fact is not subject to reasonable dispute because it is capable of accurate and ready determination by reference to the certified copy from the Summit County Auditor's website, a source whose accuracy cannot be questioned given its status as an official source of government information.

{¶20} "Public records and government documents are generally considered 'not to be subject to reasonable dispute.' This includes public records and government documents available from reliable sources on the Internet." (Internal citation omitted.) *U.S. ex rel. Dingle v. BioPort Corp.* (W.D. Mich. 2003), 270 F.Supp.2d 968, 972 aff'd sub nom. *Dingle v. Bioport Corp.* (6th Cir. 2004), 388 F.3d 209. See also, *Grimes v. Navigant Consulting, Inc.* (N.D.Ill. 2002), 185 F.Supp.2d 906, 913 (taking judicial notice of stock prices posted on a website); *Cali*

*v. E. Coast Aviation Servs., Ltd.* (E.D.N.Y. 2001), 178 F.Supp.2d 276, 287 (taking judicial notice of documents from Pennsylvania state agencies and Federal Aviation Administration); *Segle v. PNC Mtge.* (Mar. 25,2011), W.D. Washington No. 10-5655RJB, at *2 (taking judicial notice of a notice of sale and deed because they were recorded with the auditor and appear on the county's website). As a result, the delinquency of Hendy's tax obligations was subject to judicial notice under Evid.R. 201(B)(2).

**{¶21}** Duncan further testified regarding the States Resources file associated with Hendy. She testified that she is an account officer with the company and that she familiarized herself with the entire file relating to Hendy's promissory note. Evid.R. 803(6) addresses the business records rule as an exception to the hearsay rule. The rule allows the admission of records kept in the ordinary course of business "if it was the regular practice of that business to make such records and those records were made by or from information transmitted by a person with knowledge." *Charter One Mtge. Corp. v. Keselica*, 9th Dist. No. 04CA008426, 2004-Ohio-4333, at ¶19.

**{¶22}** Hendy contends that Duncan was not permitted to testify concerning the files because she had no personal conversations with Hendy. "Evid.R. 803(6) does not require an affiant to have personal knowledge of the exact circumstances of the preparation and production of the document" but instead requires the affiant to demonstrate "that he or she is sufficiently familiar with the operation of the business and with the circumstances of the preparation in order to testify that the record is made in the ordinary course of business." Id. at ¶21, citing *Hinte v. Echo, Inc*. (1998), 130 Ohio App.3d 678, 684. Duncan testified that the documents in the file were kept in the ordinary course of business. She further testified that she is familiar with how

States Resources keeps its files, books, and records. Thus, the trial court properly allowed her testimony as well as the admission of the records.

{¶23} Hendy's second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

"THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN AWARDING ATTORNEY FEES TO [STATES RESOURCES], AND [STATES RESOURCES] SHOULD NOT HAVE BEEN AWARDED THE AMOUNT THAT IT WAS AWARDED."

{¶24} Hendy contends that the trial court erred in awarding attorney fees, or in the alternative that the court erred in the amount that was awarded. We do not agree.

{¶25} "A trial court's determination in regards to an award of attorney fees will not be disturbed on appeal absent an abuse of discretion." *Jarvis v. Stone*, 9th Dist. No. 23904, 2008-Ohio-3313, at ¶33, quoting *Crow v. Fred Martin Motor Co.*, 9th Dist. No. 21128, 2003-Ohio-1293, at ¶38. The phrase "abuse of discretion" connotes more than an error of judgment; rather, it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

{¶26} Hendy first argues that the trial court should not have awarded attorney fees because Hendy "did not default under" the promissory note. Based on our disposition of the first assignment of error, this argument has no merit because the trial court properly found Hendy in default. The trial court awarded attorney fees under an express provision of the note that authorized such an award. The Ohio Supreme Court has held that such provisions are enforceable. See *Nottingdale Homeowners' Ass'n., Inc. v. Darby* (1987), 33 Ohio St.3d 32, at the syllabus.

{¶27} Hendy further argues that the award of attorney fees was too high. The trial court conducted a hearing on the award of attorney fees. It considered the factors set forth in

Prof.Cond.R. 1.5(a) including the difficulty of the case, the attorney's experience, the results obtained, and the fee charged. The trial court found that the work performed and charged was necessary for the results obtained. The trial court ultimately awarded $17,550, the total attorney fees paid by States Resources. In addition, the trial court recognized that the "case was unique in that it involved a cognovit note that proceeded to trial after [States Resources'] motion for summary judgment was denied." Hendy did not object to the hourly rate paid by States Resources for its representation, and fails to point to any law supporting the argument that such fee was too high. See App.R. 16(A)(7). As previously noted, the amount of attorney fees to be awarded is a matter of discretion for the trial judge. *Jarvis* at ¶33. In this case, the trial court properly exercised its discretion.

{¶28} Hendy also argues that the trial court erred in permitting States Resources to present the fee bill, identified as Exhibit A, because it had not been produced in response to discovery requests. However, the record indicates that the trial court allowed Hendy additional time to review the documents and defend against the exhibits.

{¶29} Hendy fails to demonstrate that the trial court's award for attorney fees was arbitrary, unreasonable, or unconscionable. *Blakemore,* 5 Ohio St.3d 219. Thus, his third assignment of error is overruled.

III.

{¶30} Hendy's first, second, and third assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
DICKINSON, J.
CONCUR

APPEARANCES:

THOMAS C. LOEPP, Attorney at Law, for Appellant.

ROSEMARY TAFT MILBY, and MATTHEW G. BURG, Attorneys at Law, for Appellee.