**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. Gabbard*, Slip Opinion No. 2025-Ohio-1022.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-1022

THE STATE EX REL. WARE *v*. GABBARD, CHIEF OF POLICE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. Gabbard*, Slip Opinion No. 2025-Ohio-1022.]**

*Mandamus—Relator failed to prove by clear and convincing evidence that he sent a public-records request to city's chief of police against whom he filed action or city's police department—Writ and relator's request for statutory damages denied.*

(No. 2024-0717—Submitted January 7, 2025—Decided March 26, 2025.)

IN MANDAMUS.

————————————

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Relator, Kimani E. Ware, filed this original action in mandamus against respondent, John Gabbard, the chief of police of Canton. Ware seeks (1) a writ of mandamus ordering Gabbard to provide him with public records he requested and (2) statutory damages. As explained below, because Ware sent his public-records requests to the wrong address, he is not entitled to the requested relief.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Ware sent three public-records requests to the Canton Police Department at "145 N. Main St., Canton, Ohio 44720" in December 2022, January 2023, and September 2023. The contents of the requests are not relevant to the outcome of this case. After receiving no responses to his requests, Ware commenced this mandamus action against Chief Gabbard in May 2024. We granted an alternative writ, setting a schedule for the submission of evidence and briefs, 2024-Ohio-2781, which both parties have submitted.

{¶ 3} Gabbard explained in an affidavit he has submitted as evidence that Ware did not send his public-records requests to the Canton Police Department, which is located at "221 3rd Street Southwest, Canton, Ohio 44702." Instead, Ware sent his requests to an address that is similar to the address for the police department for North Canton, a separate political subdivision. The police chief for North Canton has confirmed in an affidavit Gabbard submitted as evidence that the address for the North Canton Police Department is "145 North Main Street, North Canton, Ohio 44720." The only tracking information that Ware submitted as evidence shows delivery of the January 2023 request to an address in North Canton.

{¶ 4} After the deadlines for filing evidence and for filing rebuttal evidence had passed, Ware filed an affidavit without leave of court on September 26, 2024. In the affidavit, Ware responds to arguments asserted in Gabbard's brief. Gabbard filed a motion to strike the affidavit.

{¶ 5} On October 17, 2024, after the parties completed their merit briefing in this case, we declared Ware to be a vexatious litigator in another case and prohibited him "from continuing or instituting legal proceedings in this court without first obtaining leave," *State ex rel. Ware v. Vigluicci*, 2024-Ohio-4997. However, Ware did not need to request leave to continue this case under S.Ct.Prac.R. 4.03(B), because this case was already pending and all filings had been received by the time we declared him to be a vexatious litigator. Ware has filed no additional documents in this case that would necessitate leave.

## II. ANALYSIS

### A. Gabbard's Motion to Strike

{¶ 6} Chief Gabbard moves to strike the affidavit Ware filed on September 26, 2024, because it was filed after the deadline for Ware's reply brief. Pursuant to our July 24, 2024 entry granting an alternative writ, the deadline for the submission of evidence was August 13. *See* 2024-Ohio-2781. A relator may seek leave to file rebuttal evidence, but a motion for leave to file rebuttal evidence must be filed within the time permitted for the filing of the relator's reply brief. S.Ct.Prac.R. 12.06(B). Ware's reply-brief deadline was September 11. *See* 2024-Ohio-2781. Additionally, Ware did not seek leave to file rebuttal evidence. Therefore, we grant Gabbard's motion and strike the affidavit Ware filed on September 26. *See State ex rel. Gil-Llamas v. Hardin*, 2021-Ohio-1508, ¶ 14 (striking supplemental evidence that was filed late and without leave).

### B. Ware Is Not Entitled to a Writ of Mandamus or to Damages

{¶ 7} A writ of mandamus is an appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act. *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 2006-Ohio-903, ¶ 6; R.C. 149.43(C)(1)(b). To obtain the writ, "the requester must prove by clear and convincing evidence a clear legal right to the record and a corresponding clear legal

duty on the part of the respondent to provide it." *State ex rel. Griffin v. Sehlmeyer*, 2021-Ohio-1419, ¶ 10.

{¶ 8} A prior public-records request is a prerequisite to a mandamus action. *Strothers v. Norton*, 2012-Ohio-1007, ¶ 14. Ware has not proved by clear and convincing evidence that he sent a public-records request to Chief Gabbard or the Canton Police Department. Therefore, Ware is not entitled to a writ of mandamus.

{¶ 9} Ware is also not entitled to statutory damages. To be entitled to statutory damages, the requester must have submitted a written public-records request by hand delivery, electronic submission, or certified mail to the public office or person responsible for the requested public records. R.C. 149.43(C)(2). Although Ware mailed his requests by certified mail, he failed to send them to Chief Gabbard or the Canton Police Department. Therefore, he is not entitled to statutory damages.

### III. CONCLUSION

{¶ 10} For the foregoing reasons, we deny Ware's claim for a writ of mandamus and his request for statutory damages. We grant Chief Gabbard's motion and strike the affidavit Ware filed on September 26, 2024.

Writ denied.

_____

Kimani E. Ware, pro se.

Canton Law Department and Kevin R. L'Hommedieu, Chief Counsel, for respondent.

_____