[Cite as *State ex rel. Ames v. Regional Income Tax Agency Bd. of Trustees*, 2025-Ohio-4379.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO EX REL., :
BRIAN M. AMES,
                                             :
            Relator,
                                             :           No. 115078
            v.
                                             :
REGIONAL INCOME TAX AGENCY
BOARD OF TRUSTEES,                           :

            Respondent.                      :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** September 17, 2025

---

Writ of Mandamus
Motion Nos. 585253, 585383, and 585929
Order No. 587824

---

*Appearances:*

Brian M. Ames, *pro se.*

Gordon Rees Scully Mansukhani LLP, Gregory Brunton,
and Eric Bravo, *for respondent.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Relator Brian M. Ames ("Ames") has filed a complaint for mandamus against respondent, the Regional Income Tax Agency Board of Trustees ("RITA").

Ames seeks a writ of mandamus to compel RITA to provide him with all requested public records and statutory damages. Because Ames failed to properly make his public-records request by electronic submission, certified mail, or hand delivery, we find that Ames is not entitled to any of the requested relief. We also find that all requested public records have been provided to Ames, which renders his request for mandamus moot. Finally, Ames is not entitled to statutory damages. We grant RITA's motion for summary judgment and deny Ames's motion for summary judgment.

## I. PROCEDURAL HISTORY AND FACTS

{¶ 2} Ames, requested by email, four public records: 1) the rules for notification of public meetings as required by R.C. 121.22(F) in effect for the years 2023, 2024, and 2025; 2) the signed meeting minutes for the years 2023, 2024, and 2025; 3) the notices of special and rescheduled regular meeting minutes for the years 2023 and 2024; and 4) the current bylaws. Ames sent the email requests to Rick J. Carbone, former legal counsel for RITA. See exhibit Nos. 1, 2, 3, and 4 attached to Ames's complaint for mandamus. The four emails were sent to Rick Carbone's obsolete and unmonitored email address, specifically rcarbone@ritaohio.com, on February 17, 2025, March 9, 2025, March 10, 2025, and March 24, 2025.

{¶ 3} On April 19, 2025, Ames sent to RITA, by certified mail, a completed "Ohio Court of Claims Public Records Access Formal Complaint" with copies of the four prior public-records requests. The certified mail was received by RITA on

April 23, 2025. On April 24, 2025, RITA's chief legal counsel acknowledged receipt of Ames's public-records request and further indicated that a response to the request would be made within seven to ten business days. On April 29, 2025, Ames filed his complaint for a writ of mandamus. On April 30, 2025, RITA responded to Ames's request for public records and provided responses to each of the public-records requests. On June 11, 2025, RITA filed an answer to the complaint for a writ of mandamus and a motion for summary judgment. On June 17, 2025, Ames filed a cross-motion for summary judgment and an opposition to RITA's motion for summary judgment. On July 7, 2025, RITA filed a brief in opposition to Ames's cross-motion for summary judgment.

## II. LEGAL ANALYSIS

### A. Failure to Demonstrate Proper Request for Public Records

{¶ 4} A writ of mandamus is the remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act. *State ex rel. Castellon v. Cuyahoga Cty. Prosecutor's Office*, 2025-Ohio-2787; *State ex rel. Physicians Commt. For Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 2006-Ohio-903, ¶ 6. In order to obtain a writ of mandamus pursuant to R.C. 149.43, the party requesting public records must prove by clear and convincing evidence that the request was made by certified mail, hand delivery, or electronic submission to the entity or person responsible for maintaining the public records. *State ex rel. Ware v. Akron Police Dept.*, 2025-Ohio-1198; *State ex rel. McDougald v. Greene*, 2020-Ohio-3686.

{¶ 5} A review of Ames's complaint for mandamus demonstrates that his original four public-records requests were sent, via email, to RITA's former chief legal counsel, Rick Carbone, at rcarbone@ritaohio.com. The affidavit of Amber E. Greenleaf Duber, the current chief legal counsel for RITA, attached to RITA's motion for summary judgment, clearly establishes that Ames did not email his four requests for public records to the person responsible for public records at RITA. The affidavit clearly demonstrates that Rick Carbone, the former chief legal counsel for RITA, retired in 2013 and that the four emails requesting public records were not delivered to the proper email portal that triggered a required response on the part of RITA to provide the requested public records. *State ex rel. Mobley v. Grabman*, 2025-Ohio-2257; *State ex rel. Gabbard*, 2025-Ohio-1022, ¶ 8; *State ex rel. Mobley v. Viehweger*, 2024-Ohio-4748, ¶ 11. In fact, the official website for RITA provides the correct email portal through which Ames should have filed his email request for public records.[1] *See* Regional Income Tax Agency, *Contact Us – Media and Public Records Request Contact*, https://www.ritaohio.com/About/Contact/Media (accessed Sept. 12, 2025) [https://perma.cc/92DC-9CR8]. Thus, based upon the

---

[1] We take judicial notice of RITA's website that contains the portal for requesting public records by email. Evid.R. 201 governs judicial notice of adjudicative facts. A court may take judicial notice of a fact not subject to reasonable dispute that is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Evid.R. 201(B). *States Res. Corp. v. Hendy*, 2011-Ohio-1900, ¶ 18; *Malone v. Berry*, 2007-Ohio-6501, ¶ 13 (10th Dist.).

four original emails sent by Ames to a non-employee of RITA, there existed no duty to provide the requested records under R.C. 149.43.

## B. Request for Public Records is Moot

{¶ 6} Notwithstanding the initial failure of Ames to properly request public records from RITA, Ames's request for public records eventually complied with R.C. 149.43. On April 23, 2025, RITA received by certified mail an "Ohio Court of Claims Public Records Access Formal Complaint" with copies of the four prior public-records requests. On April 24, 2025, the chief legal officer for RITA acknowledged Ames's request for public records, via email, and indicated that the request would be responded to within seven to ten days.

{¶ 7} On April 30, 2025, RITA's chief legal officer responded to the public-records request and provided, via email, copies of the requested public records and stated:

> Attached please find the records that are responsive to your request, which include:
>
> 1. RITA Board of Trustees Bylaws setting forth rules for notification of meetings in effect for 2023, 2024, and 2025;
>
> 2. RITA Board meeting minutes for 2023 2024, and 2025;
>
> 3. As the RITA Board of Trustees did not hold any special meetings in 2023 and 2024, nor did it reschedule any meetings, no records are responsive to the notices request; and
>
> 4. RITA Board of Trustee Bylaws (already provided to satisfy request number 1).

In addition, the affidavit of RITA's chief legal officer, attached to the motion for summary judgment of RITA, provides that all requested public-records have been provided or do not exist. The Supreme Court of Ohio has opined that

> "'[i]n general, providing the requested records to the relator in a public-records mandamus case renders the mandamus claim moot.'" *State ex rel. Mobley v. LaRose*, 175 Ohio St. 3d 278, 2024-Ohio-1909, ¶ 7, 242 N.E.3d 5, quoting *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 121 Ohio St. 3d 537, 2009-Ohio-1767, ¶ 14, 905 N.E.2d 1221. Additionally, "[a]bsent contrary evidence in the record," averments that all responsive records have been provided establish [*13] that the mandamus claim is moot. *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St. 3d 22, 2018-Ohio-5110, ¶ 18, 123 N.E.3d 895; see also *State ex rel. Scott v. Toledo Corr. Inst.*, 176 Ohio St. 3d 352, 2024-Ohio-2694, ¶ 12, 247 N.E.3d 344.

*State ex rel. Ames v. Concord Twp. Bd. of Trustees*, 2025-Ohio-1027, ¶ 30. *See also State ex rel. Mobley v. Viehweger*, 2024-Ohio-4748, ¶ 9; *State ex rel. Ware v. Galonski*, 2024-Ohio-613, ¶ 9; *State ex rel. Frank v. Clermont Cty. Prosecutor*, 2021-Ohio-623, ¶ 15. Ames's request for a writ of mandamus is moot, because all public records have been provided.

### C. Statutory Damages – R.C. 149.43(C)(2)

{¶ 8} Ames also seeks statutory damages under R.C. 149.43(C)(2). Ames may obtain statutory damages if this court determines that RITA failed to comply with its obligation to provide the requested public records under R.C. 149.43. To be entitled to statutory damages, Ames must establish by clear and convincing evidence that he sent his public-records requests to RITA by certified mail, hand delivery, or electronic submission and that RITA failed to produce the records within a reasonable time. *State ex rel. McDougald v. Greene,* 2020-Ohio-3686, ¶ 13-14.

Statutory damages accrue at $100 for each business day that the public office failed to comply with R.C. 149.43(B), starting with the day the mandamus action was filed, up to a maximum of $1,000. R.C. 149.43(C)(2).

{¶ 9} There is no dispute that RITA provided all requested public records within a reasonable period of time. RITA provided all properly requested public records within seven days of Ames properly making his proper request for public records, by certified mail, on April 23, 2025. Specifically, a proper request for public records was made on April 23, 2025, via certified mail sent to RITA, and RITA provided all requested public records on April 30, 2025, via email. Thus, Ames is not entitled to statutory damages since the requested public records were provided within a reasonable period of time. *State ex rel. Ames v. Big Walnut Local School Dist. Bd. of Edn.*, 2025-Ohio-2493, ¶ 14; *State ex rel. Ames v. Concord Twp. Bd. of Trustees*, 2024-Ohio-3062, ¶ 41; *State ex rel. Grim v. New Holland*, 2024-Ohio-4822, ¶ 8; *State ex rel. Mobley v. La Rose*, 2024-Ohio-1909, ¶ 11; *State ex rel. Ellis v. Maple Hts. Police Dept.*, 2019-Ohio-367, ¶ 6 (11th Dist.).

{¶ 10} Accordingly, we grant RITA's motion for summary judgment and deny Ames's motion for summary judgment. Costs to Ames. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 11} Writ denied.

_____

MICHAEL JOHN RYAN, JUDGE

ANITA LASTER MAYS, P.J., and
MARY J. BOYLE, J., CONCUR