[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Barker v. Muskingum Cty. Prosecutor's Office*, Slip Opinion No. 2025-Ohio-5293.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-5293

THE STATE EX REL. BARKER *v.* MUSKINGUM COUNTY PROSECUTOR'S OFFICE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Barker v. Muskingum Cty. Prosecutor's Office*, Slip Opinion No. 2025-Ohio-5293.]

*Mandamus—Public-records requests—Prosecutor's office never received public-records request that relator attempted to submit using office's online request form—Writ and relator's requests for statutory damages, attorney's fees, and court costs denied, and claim for injunctive relief under R.C. 149.351 dismissed for lack of jurisdiction.*

(No. 2024-1670—Submitted August 19, 2025—Decided November 26, 2025.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} In this original action, relator, Dustin Barker, seeks a writ of mandamus ordering respondent, the Muskingum County Prosecutor's Office, to provide public records Barker asserts he requested. He also asks for statutory damages, attorney's fees, and court costs, and he asserts a claim for an injunction under R.C. 149.351. Additionally, Barker filed a motion for sanctions and a protective order. For the reasons explained below, we dismiss Barker's injunction claim for lack of jurisdiction, deny Barker's motion, and deny the writ and the other requested relief.

## I. FACTS AND PROCEDURAL HISTORY

### A. Attempted Public-Records Request

{¶ 2} Barker asserts that he submitted a public-records request to the prosecutor's office on October 16, 2024, using its online request form. Barker relates what he claims is the substance of his request in an affidavit filed with his complaint, but he has not submitted any other evidence showing that he successfully submitted the request.

{¶ 3} The prosecutor's office submitted an affidavit from an assistant prosecutor attesting that the office never received a public-records request from Barker. According to the assistant prosecutor, when someone submits a request using the online request form, the request is forwarded to the general email address of the prosecutor's office. The assistant prosecutor avers that according to a delivery notification generated by the firm that maintains the prosecutor's office's website, Barker attempted to use the website's online request form on October 12, 2024, but "the attempt 'bounced back' and delivery of the request failed." The prosecutor's office submitted the notification showing that the delivery of Barker's submission had failed.

### B. Procedural History

**{¶ 4}** Barker filed his complaint in December 2024. He seeks a writ of mandamus compelling the prosecutor's office to produce the records at issue, and he asks for statutory damages, attorney's fees, and court costs. He also requests injunctive relief under R.C. 149.351 to prevent the destruction of the records and asks "that the Court inquire into the possibility of data recovery for any records that may have been destroyed."

**{¶ 5}** We referred the case to mediation, 2024-Ohio-5776, but ultimately returned the case to the regular docket, 2025-Ohio-348. In April 2025, we denied the prosecutor's office's amended motion to dismiss, ordered the office to file an answer, and granted an alternative writ, setting a schedule for the submission of evidence and briefs. 2025-Ohio-1313.

**{¶ 6}** Both parties have filed merit briefs, though only the prosecutor's office filed evidence. The assistant prosecutor attests that the office was unaware of Barker's alleged public-records request until the office was served with a copy of the summons and complaint in this case. In January 2025, after it received the complaint, the prosecutor's office responded to Barker's request and produced certain responsive records.

**{¶ 7}** Barker also filed a motion for sanctions and a protective order, to which the prosecutor's office has responded.

## II. ANALYSIS

### A. Barker's Motion for Sanctions and Protective Order Is Denied

**{¶ 8}** In his motion, Barker asks for sanctions and a protective order based on two instances of alleged misconduct by the prosecutor's office. First, he accuses the prosecutor's office of sending an intimidating email in an attempt to chill his rights under the First Amendment to the United States Constitution, thereby causing him emotional distress. Barker asserts that he made a Facebook post complaining about alleged corruption in Muskingum County. According to Barker, the assistant

prosecutor then emailed him, requesting that Barker post the prosecutor's office's responses to his public-records request. The email allegedly concluded with "P.S. Ron Welch sends his regards." Barker asserts that Ron Welch, the Muskingum County prosecuting attorney, previously prosecuted him, leading to a three-year prison sentence. Barker did not submit the alleged email with his motion.

{¶ 9} Second, Barker accuses the prosecutor's office of publicly disclosing mediation communications in violation of R.C. 2710.03, allegedly in response to Barker's Facebook post. Barker requests that we sanction the prosecutor's office by imposing a monetary penalty; requiring the office to undergo training on ethics, First Amendment rights, and mediation confidentiality; and ordering the office to retract any public statements it made concerning mediation and to refrain from any additional disclosures. He also requests "a protective order barring the prosecutor's office from further intimidating conduct, including references to Ron Welch or [Barker's] past prosecution."

{¶ 10} We deny Barker's motion. He does not provide any evidence or cite any authority showing that the assistant prosecuting attorney's alleged conduct is sanctionable. Moreover, R.C. 2710.03 provides only that mediation communications are privileged and not subject to discovery or admissible as evidence in a proceeding; the statute does not prohibit any other type of disclosure. Therefore, Barker has not shown that the prosecutor's office should be sanctioned.

{¶ 11} As for Barker's request for a "protective order," he appears to be seeking an injunction. However, we do not have original jurisdiction to issue injunctive relief in a mandamus action. *State ex rel. Barr v. Wesson*, 2023-Ohio-3028, ¶ 16. Although we have "'such jurisdiction as ancillary to other *appropriate* relief,'" we have previously held that a request for a temporary restraining order and a preliminary injunction seeking to prevent retaliation was not ancillary to a mandamus action seeking the disclosure of public records. (Emphasis added in *Lashutka*.) *Id.* at ¶ 15-17, quoting *State ex rel. Police Officers for Equal Rights v.*

4

*Lashutka*, 1995-Ohio-19, ¶ 11.  We similarly lack authority to provide the relief Barker seeks here.  Therefore, we deny Barker's motion.

### B.  Barker Is Not Entitled to a Writ of Mandamus

{¶ 12} "[U]pon request by any person, a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time."  R.C. 149.43(B)(1).[1]  A writ of mandamus is an appropriate remedy to compel compliance with R.C. 149.43.  *State ex rel. Wells v. Lakota Local Schools Bd. of Edn.*, 2024-Ohio-3316, ¶ 11; R.C. 149.43(C)(1)(b).  To obtain the writ, "the requester must prove by clear and convincing evidence a clear legal right to the record and a corresponding clear legal duty on the part of the respondent to provide it."  *State ex rel. Griffin v. Sehlmeyer*, 2021-Ohio-1419, ¶ 10.

{¶ 13} Barker argues that the evidence submitted by the prosecutor's office—showing failure of delivery—demonstrates that he sent his public-records request.  However, it is the receipt of a public-records request that triggers a duty under R.C. 149.43(B)(1) for a public office to disclose a public record.  In *State ex rel. Ware v. Gabbard*, 2025-Ohio-1022, the relator attempted to mail public-records requests to a public office, but he accidentally mailed the letter to the wrong address.  We denied the relator's request for a writ of mandamus, holding that he had not proved by clear and convincing evidence that he submitted a public-records request to the respondent.  *Id.* at ¶ 8.  This case is similar.  The unrefuted evidence in this case shows that just as the mail sent by the relator in *Gabbard* never arrived at the public office, the prosecutor's office never received Barker's public-records request.

---

1. The General Assembly has recently made amendments to R.C. 149.43, most notably in 2024 Sub.H.B. No. 265 (effective Apr. 9, 2025), and some provisions have been renumbered.  This opinion applies the version of the statute enacted in 2024 Sub.S.B. No. 29 (effective Oct. 24, 2024).

{¶ 14} The parties dispute in their briefs whether the prosecutor's office properly responded to Barker's public-records request after it was served with Barker's complaint in this case. However, that issue is not before us. For a public-records request to be enforceable in mandamus, it must have been received before the mandamus case was filed. *See Strothers v. Norton*, 2012-Ohio-1007, ¶ 14 (a prior public-records request is a prerequisite to a mandamus action). Therefore, we deny Barker's request for a writ of mandamus.

## C. Barker Is Not Entitled to Statutory Damages, Court Costs, or Attorney's Fees

{¶ 15} To be entitled to statutory damages, the requester must have submitted a written public-records request by hand delivery, electronic submission, or certified mail to the public office or person responsible for the requested public records. R.C. 149.43(C)(2). The relator must prove entitlement to statutory damages by clear and convincing evidence. *State ex rel. Grim v. New Holland*, 2024-Ohio-4822, ¶ 6. Here, Barker did not successfully submit his public-records request to the prosecutor's office by electronic submission. Therefore, he is not entitled to statutory damages.

{¶ 16} Barker also requests court costs and attorney's fees. Barker is ineligible for attorney's fees under R.C. 149.43(C)(3)(b) because he represented himself in this action and thus did not incur any attorney's fees. *See State ex rel. Huth v. Animal Welfare League of Trumbull Cty., Inc.*, 2022-Ohio-3583, ¶ 18. As for court costs, because he filed an affidavit of indigency, there are no court costs to award. *See State ex rel. Woods v. Lawrence Cty. Sheriff's Office*, 2023-Ohio-1241, ¶ 12. Therefore, we deny both requests.

## D. Barker's Claim for Injunctive Relief under R.C. 149.351 Is Dismissed

{¶ 17} Barker also requests injunctive relief under R.C. 149.351 and that we order an inquiry into whether the prosecutor's office destroyed records. R.C. 149.351(B)(1) permits a "person who is aggrieved by the removal, destruction,

mutilation, or transfer of" a public record to commence a civil action in a court of common pleas for injunctive relief to compel compliance with R.C. 149.351(A), which prohibits the removal or destruction of public records. However, this court does not have jurisdiction over a claim asserted under R.C. 149.351(B), even when the claim is brought in conjunction with a mandamus claim asserted under R.C. 149.43 seeking to compel the production of public records. *State ex rel. Culgan v. Jefferson Cty. Prosecutor*, 2024-Ohio-4715, ¶ 11; *see* R.C. 149.351(B). Therefore, we dismiss Barker's claim for injunctive relief.

### III. CONCLUSION

{¶ 18} For the foregoing reasons, we dismiss Barker's injunction claim under R.C. 149.351 for lack of jurisdiction and deny his requests for a writ of mandamus, statutory damages, court costs, and attorney's fees. We also deny his motion for sanctions and a protective order.

Writ denied.

———————————

Dustin Barker, pro se.

Ronald L. Welch, Muskingum County Prosecuting Attorney, and Mark A. Zanghi, Assistant Prosecuting Attorney, for respondent.

———————————