[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ames v. Regional Income Tax Agency Bd. of Trustees*, Slip Opinion No. 2026-Ohio-2294.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-2294

THE STATE EX REL. AMES, APPELLANT, *v.* REGIONAL INCOME TAX AGENCY BOARD OF TRUSTEES, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ames v. Regional Income Tax Agency Bd. of Trustees*, Slip Opinion No. 2026-Ohio-2294.]

*Mandamus—Public-records requests—Records request was essentially seeking a declaratory judgment, which is not within a court of appeals' original jurisdiction—A public office has no duty to provide records that do not exist or create new documents to satisfy a public-records request—Public office provided requested copies of its rules regarding notification of meetings, and court of appeals therefore correctly determined that public-records request was moot and requester was not entitled to statutory damages— Court of appeals' judgment affirmed.*

(No. 2025-1234—Submitted March 24, 2026—Decided June 23, 2026.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 115078, 2025-Ohio-4379.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Brian M. Ames, filed a complaint for a writ of mandamus in the Eighth District Court of Appeals against appellee, the Regional Income Tax Agency Board of Trustees ("RITA"), seeking the production of public records. After Ames filed his mandamus action, RITA produced records to him and moved for summary judgment. The Eighth District granted summary judgment to RITA and denied the writ as moot. It also denied Ames's request for statutory damages.

{¶ 2} Ames appeals, arguing that RITA's records production was not responsive to his public-records request. He also appeals the Eighth District's denial of a motion to strike. We affirm the Eighth District's judgment.

## I. FACTS AND PROCEDURAL BACKGROUND

{¶ 3} RITA is a regional council of governments established under R.C. Ch. 167 that administers the municipal-tax ordinances of member municipalities. In February 2025, Ames, using a pseudonym, emailed a public-records request to RITA. Although he requested several categories of records, Ames disputes RITA's response as to only the first category, which requested "the rule(s) for notification of meetings required by R.C. 121.22(F) in effect for the years 2023, 2024, and 2025."

{¶ 4} RITA apparently was not aware of the email—it claims that Ames sent the request to an inactive email address. Receiving no response to the request, Ames sent several follow-up emails to the same address. Still receiving no response, Ames served RITA by certified mail with a notice of complaint on a form prescribed by the clerk of the Court of Claims. *See* R.C. 149.43(C)(1). The certified complaint was delivered to RITA on April 23.

{¶ 5} On April 29, Ames initiated this mandamus action under Ohio's Public Records Act, R.C. 149.43, seeking a writ ordering RITA to provide copies of the records he had requested. He also requested an award of statutory damages. The next day, RITA's chief legal counsel responded to Ames's records request. In response to Ames's request for the rules for notification of meetings, RITA's chief legal counsel provided Ames with a copy of RITA's bylaws and stated that the rules he had requested were contained in those bylaws.

{¶ 6} The parties filed cross-motions for summary judgment. Ames argued that RITA's bylaws were not responsive to his request for the rules "for notification of meetings required by R.C. 121.22(F)," because the bylaws did not comply with R.C. 121.22(F). The Eighth District granted summary judgment to RITA and denied the requested writ as moot. 2025-Ohio-4379, ¶ 1 (8th Dist.). It also denied Ames's request for an award of statutory damages, *id.* at ¶ 9, and his motion to strike certain exhibits that RITA had submitted, No. 115078 (8th Dist. Sept. 17, 2025).

{¶ 7} Ames appeals as of right.

## II. LEGAL ANALYSIS

### A. The court of appeals correctly denied the writ as moot and denied statutory damages

{¶ 8} "This court reviews a decision granting summary judgment de novo." *State ex rel. Whittaker v. Lucas Cty. Prosecutor's Office*, 2021-Ohio-1241, ¶ 8. A writ of mandamus "is an appropriate remedy by which to compel compliance with the Public Records Act." *State ex rel. Huth v. Animal Welfare League of Trumbull Cty., Inc.*, 2022-Ohio-3583, ¶ 8. "To be entitled to a writ of mandamus in a public-records action, a relator must demonstrate, by clear and convincing evidence, a clear legal right to the requested relief and a clear legal duty on the part of the respondent to provide that relief." *Id.*

**{¶ 9}** There was some dispute below regarding whether RITA received Ames's public-records request. Neither party has raised this issue on appeal, however, and we can affirm the Eighth District's grant of summary judgment without deciding whether or when RITA received Ames's public-records request. Rather, we assume, but do not decide, that RITA received the request.

**{¶ 10}** Generally, a public office or person responsible for public records has an obligation to make copies of public records available to a requester at cost and within a reasonable period. R.C. 149.43(B)(1).[1] However, a public-records mandamus claim becomes moot when, after the requester has filed the mandamus action, the records custodian provides the requested records. *State ex rel. Suggs v. McConahay*, 2022-Ohio-2147, ¶ 8; *see State ex rel. Payne v. Rose*, 2023-Ohio-3801, ¶ 8. Here, the Eighth District denied Ames's request for a writ as moot because RITA provided the requested records to Ames the day after he filed his mandamus action. 2025-Ohio-4379 at ¶ 7 (8th Dist.). Ames argues, however, that the documents RITA provided were not actually responsive to his request.

**{¶ 11}** Ames requested "the rule(s) for notification of meetings required by R.C. 121.22(F) in effect for the years 2023, 2024, and 2025." R.C. 121.22(F) provides, in part, that "[e]very public body, by rule, shall establish a reasonable method whereby any person may determine the time and place of all regularly scheduled meetings and the time, place, and purpose of all special meetings." In response to Ames's records request, RITA provided Ames with a copy of its bylaws, including Section 7, which addresses public meetings. The bylaws generally provide that notice of regular and special meetings shall be posted on RITA's website and at its reception desk. The bylaws also provide that a person

---

1. The General Assembly has recently amended R.C. 149.43, most notably in 2024 Sub.H.B. No. 265 (effective Apr. 9, 2025), and some provisions have been renumbered. This opinion applies the version of the statute enacted in 2024 Sub.S.B. No. 29 (effective Oct. 24, 2024).

may receive notice of regular and special meetings by asking to be placed on a mailing list.

{¶ 12} Ames argues that the bylaws are not responsive to his records request, because they do not comply with R.C. 121.22(F)—specifically, he argues that they do not provide for notice "that is consistent and actually reaches the public." But even assuming that the bylaws do not comply with R.C. 121.22(F), this argument does not pertain to the production of public records. Rather, Ames essentially seeks a declaratory judgment that RITA's bylaws do not comply with the law. But actions for a declaratory judgment are not within a court of appeals' original jurisdiction. *State ex rel. Ames v. Portage Cty. Bd. of Commissioners*, 2023-Ohio-3382, ¶ 34. And RITA has no duty to provide records that do not exist. When responding to a public-records request, a "public office has no duty to furnish records that are not in its possession." *State ex rel. Culgan v. Jefferson Cty. Prosecutor*, 2024-Ohio-4715, ¶ 9. Nor does a public office have a "duty to create new documents to satisfy a public-records request." *State ex rel. McDougald v. Greene*, 2020-Ohio-5100, ¶ 10. Thus, RITA was under no obligation to change its bylaws to conform with how Ames believes they should have been written. In response to Ames's request for copies of its rules regarding notification of meetings, RITA provided him with copies of its rules regarding notification of meetings. That is all that it was required to do.

{¶ 13} Ames also argues in his merit brief that RITA has failed to provide him with "an explanation, including legal authority, setting forth why [his] request [for its rules regarding notification of meetings] was denied," in violation of R.C. 149.43(B)(3). But a public office needs to provide an explanation only if it actually denies the records request. *See* R.C. 149.43(B)(3). Here, RITA provided documents in response to Ames's request; it did not deny his request.

{¶ 14} Because RITA provided Ames with the requested records after Ames filed his mandamus action, the Eighth District correctly determined that his request for a writ was moot. *See Suggs*, 2022-Ohio-2147, at ¶ 8.

{¶ 15} Ames also requested an award of statutory damages under R.C. 149.43(C)(3), and production of the records does not moot a request for statutory damages. *See State ex rel. Woods v. Lawrence Cty. Sheriff's Office*, 2023-Ohio-1241, ¶ 6-7. Ames appeals the Eighth District's denial of his statutory-damages request. But his arguments in support of his claim for statutory damages are the same as his arguments contending that RITA did not properly respond to his records request. For example, Ames does not argue that RITA's response was untimely. Because RITA properly responded to Ames's records request, the Eighth District correctly denied Ames's request for statutory damages.

*B. The court of appeals did not abuse its discretion in denying Ames's motion to strike*

{¶ 16} Ames also argues that certain exhibits presented by RITA should be stricken. Although this portion of his merit brief is somewhat unclear, he appears to argue that the court of appeals incorrectly denied a motion to strike that Ames filed regarding RITA's exhibits.

{¶ 17} Ames's public-records request listed four categories of records, but he eventually agreed that RITA properly responded as to all the categories except for the rules regarding notification of meetings. When RITA filed its motion for summary judgment, it attached as exhibits copies of the records it had produced as to the other three categories. Ames filed a motion to strike the exhibits related to the other three categories, arguing that the exhibits were irrelevant and inadmissible, since he was no longer seeking relief regarding these categories. In a one-line entry, the court of appeals denied the motion to strike.

{¶ 18} "A court's ruling on a motion to strike will not be reversed on appeal absent an abuse of discretion." *State ex rel. Ebbing v. Ricketts*, 2012-Ohio-4699,

¶ 13. Copies of the records RITA produced in response to Ames's public-records request could be relevant to the question whether his request for a writ was moot, even if Ames had indicated that he no longer was seeking relief regarding some of the records. *See State ex rel. Ware v. Kurt*, 2022-Ohio-1627, ¶ 28-29 (generally, when deciding whether a writ action seeking production of public records is moot, a court may review copies of the produced records). The Eighth District did not abuse its discretion when it denied the motion to strike.

### III. CONCLUSION

{¶ 19} The Eighth District correctly denied Ames's request for a writ of mandamus as moot and correctly denied his request for an award of statutory damages. In addition, it did not abuse its discretion when it denied Ames's motion to strike. Therefore, we affirm the judgment of the Eighth District Court of Appeals.

Judgment affirmed.

_____

Brian M. Ames, pro se.

Gordon Rees Scully Mansukhani, L.L.P., Gregory D. Brunton, and Eric S. Bravo, for appellee.

_____